In re HOTEL ASSOCIATES, INC., Robert B. Miller, Stanton R. Miller, a partnership "The Drake", Debtors.

HOTEL ASSOCIATES, INC. et al., Plaintiffs,

v.

The TRUSTEES OF CENTRAL STATES SE AND SW AREAS PENSION FUND

and

Central Penn National Bank

and

Williard, Inc.

and

Commonwealth of Pennsylvania, Department of Revenue, Bureau of Accounts Settlements

and

Unemployment Compensation Fund, Defendants.

Bankruptcy No. 79–02203K.
Adversary No. 79–0020K.

United States Bankruptcy Court, E. D. Pennsylvania.

April 3, 1980.

See also, Bkrtcy., 3 B.R. 343.

Pace Reich, Philadelphia, Pa., for debtor.

Peter M. Breitling, George B. Clothier, Philadelphia, Pa., Stephen Karotkin, Harvey R. Miller, New York City, for Trustees of the Central States, SE and SW Areas Pension Fund, etc.

Marc J. Sonnenfeld, John P. Kopesky, Philadelphia, Pa., for Williard, Inc.

Robert A. Kargen, Philadelphia, Pa., for Central Penn Nat. Bank.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This is a case of first impression under the Bankruptcy Reform Act of 1978.

Debtor, Hotel Associates, Inc., Robert B. Miller and Stanton R. Miller, Partners Trading as "The Drake" ("Hotel Associates") filed a Complaint for Determination of Secured Status pursuant to 11 U.S.C. § 506 (1978). Defendants have answered and move for dismissal alleging, *inter alia*, that the Complaint does not comply with the provisions of § 506.

We agree and conclude that in the absence of an "allowed" claim, a complaint under § 506 is not a proper vehicle for determination of secured status.[1]

The Complaint alleges that the real property known as The Drake Hotel has a fair market value not in excess of $3,600,000.00 (Complaint, ¶ 8) and that Defendant, Trustees of Central States SE and SW Areas Pension Fund ("Pension Fund") have a first mortgage lien on The Drake Hotel of $5,235,737.63 (¶ 9).

Plaintiffs seek a determination that the claim of the Pension Fund is secured to the extent of $3,600,000.00, the fair market value of The Drake Hotel, and that the balance of the Pension Fund's claim along with the claims of the other named defendants are wholly unsecured.

Section 506(a) provides that an allowed secured claim is secured to the extent of the value of the secured creditor's interest in the estate's interest in such property. The claim is unsecured, however, to the extent that the value of the secured creditor's interest is less than the amount of the allowed claim.[2]

The various subsections of § 506 also deal with the concept of an "allowed secured claim". Prior to any determination of se-

1. The following Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

2. Section 506(a) abolishes the use of the terms "secured creditor" and "unsecured creditor" and substitutes in their places the terms "secured claim" and "unsecured claim". See H.R. Rep. No. 595, 95th Cong., 1st Sess. 356 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 68, U.S. Code Cong. & Admin.News 1978, p. 5787 (1978).

cured status, it appears from a reading of § 506 that the claim must first be "allowed".

The allowance of claims or interests is governed by Section 502, which provides that a claim or interest, proof of which is filed under § 501, is deemed allowed unless a party in interest objects.

Because no proof of claim has been filed here, the court is unable to determine whether the claims are "allowed", as that term is used in § 506. Plaintiff's proper remedy appears to lie initially under § 502. That Section is triggered by the filing of a proof of claim. If the creditor does not timely file a proof of claim, the debtor or trustee may file a proof of such claim. 11 U.S.C. § 501(c). The concept of a claim's "allowability" is basically the same as under prior law; that a claim properly filed constitutes prima facie evidence of its validity and amount.[3]

Section 506(a) is derived from Bankruptcy Rule 306(d) which provides

(d) Secured Claims. If a secured creditor files a proof of claim, the value of the security interest held by him as collateral for his claim shall be determined by the court, and the claim shall be allowed only to the extent it is enforceable for any excess of the claim over such value.

It is obvious that the former Rule also required the secured creditor to file a proof of claim prior to determination of secured status.

■ Although Suggested Interim Bankruptcy Rule 3001 provides that it is not necessary for creditors or equity security holders who appear on the list of creditors to file a proof of claim unless their claim is listed as disputed, contingent or unliquidated, it is clear that the Bankruptcy Reform Act of 1978 controls and supersedes the Rules when in conflict.[4]

As stated, the Code provides in § 502 that a claim or interest is deemed "allowed" only when a proof of claim is filed, and no objection is made. Because the claims have not been properly placed before the court, we are forced to conclude that, at present, Plaintiff cannot proceed under § 506.

Section 506(d) of the Code permits the liens in question to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by the lien under § 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed. See § 506(d).[5] Thus, the claims of the defendants here remain valid and unaffected until the allowability of such claims is determined pursuant to § 502.

Plaintiff has failed to establish that an "allowed" claim exists and thus cannot seek a determination of secured status under § 506.

Accordingly, The Complaint of Hotel Associates is dismissed.

---

**3.** The Code eliminates the concept of "provability" of a claim. Thus, a claim or equity interest, proof of which is filed pursuant to § 501 is deemed allowed unless objection should be taken.

**4.** A determination as to whether the claims are listed as disputed, contingent or unliquidated on the schedules of the debtor cannot now be made. This court may consider only the motions and arguments presented and will not delve into files for schedules or data which is not now before it. *See In re Aughenbaugh*, 125 F.2d 887 (3rd Cir. 1942). Although this matter was submitted on the briefs, either party would have been justified in attaching the schedules as an exhibit to its brief in order to bring such information to the court's attention.

**5.** Section 506(d) provides:

To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or

(2) such claim was disallowed only under section 502(e) of this title.