**In re HUMBLEWIT FARMS, INC., Debtor.**

**Bankruptcy No. BK–81–40017.**

United States Bankruptcy Court, S. D. Illinois.

Oct. 14, 1982.

---

704

Katherine Tillery, Belleville, Ill., for the Citizens Nat. Bank of Evansville.

Steven N. Mottaz, Trustee, Alton, Ill., Acting as his own attorney.

## ORDER

J. D. TRABUE, Bankruptcy Judge.

At East St. Louis, in said district, this matter having come before the Court pursuant to notice on an application for determination of necessity for and timeliness of filing proof of claim filed by the Citizens National Bank of Evansville by Katherine Tillery, its attorney, an answer to the application having been filed by Steven N. Mottaz, Trustee of the estate of the above-named debtor, the parties having filed briefs in support of their respective positions, the Court, having reviewed the file and having read the briefs that were submitted and having researched the law and otherwise being fully informed in the matter, finds as follows:

1. On January 30, 1981, Humblewit Farms, Inc., filed a voluntary petition for a business reorganization pursuant to Chapter 11 of Title 11 of the United States Code.

2. Citizens National Bank of Evansville was listed as a creditor on the schedules filed by the debtor.

3. The debt to Citizens National was not listed as disputed, contingent or unliquidated.

4. Pursuant to § 1111 of the Bankruptcy Code, 11 U.S.C. § 1111, the proof of claim of Citizens National Bank of Evansville was deemed to be filed in the business reorganization.

5. On September 18, 1981, the case was converted from a reorganization under Chapter 11 to a liquidation pursuant to Chapter 7 after the debtor failed to oppose the motion to convert filed by the Joint and Consolidated Creditors' Committee.

6. Steven N. Mottaz was appointed the Trustee of the estate of the debtor.

7. On November 27, 1981, this Court entered an order fixing May 17, 1982, as the last day for filing a proof of claim in the Chapter 7 bankruptcy.

8. On June 1, 1982, the Citizens National Bank of Evansville filed a proof of claim in the amount of $303,000.

9. Citizens National Bank of Evansville has been a creditor of record throughout this case.

10. The Bank may reasonably have been confused about the necessity of it filing a proof of claim.

11. The debtor and the Trustee would not be prejudiced by a late filing in this case.

The principal question facing the Court in this case is whether a creditor who is properly scheduled in a debtor's Chapter 11 bankruptcy schedules, and is not listed as disputed, contingent, or unliquidated is required to file a proof of claim when the case is later converted to a Chapter 7 liquidation and the Court sets a claims bar date. The law applicable to this case makes it clear that the filing under Chapter 7 is required.

▌ In this case, the Citizens National Bank of Evansville contends that since it was properly scheduled in the debtor's Chapter 11 schedules, it was deemed to have filed a proof of claim pursuant to § 1111(a) of the Bankruptcy Code, 11 U.S.C. § 1111(a), and, as such, is not required to file a proof of claim when the case is later converted to a Chapter 7 liquidation. The Bank relies on Rule 122(5) of the Rules of Bankruptcy Procedure to support its conclusion that a later filing is not required.

While the Bank is correct that its claim was deemed to have been filed for purposes of the reorganization, it is incorrect that

this means that the claim is deemed to be filed for purposes of a later liquidation under Chapter 7. When Congress enacted § 1111 of the Bankruptcy Code, it intended to make a business reorganization more convenient for both debtors and creditors. Section 1111 assumes that a debtor is familiar with its creditors and is in a position to properly evaluate the claims against it. As such, when the debtor schedules a creditor and does not list the debt as disputed, contingent or unliquidated, the claim is assumed to be correct and deemed filed. This is consistent with the normal reorganization and a debtor-in-possession acting as a trustee in evaluating the claims.

This does not mean, however, that since the claim is deemed filed in the reorganization it is filed for all purposes under the Bankruptcy Code. When a case is converted to a liquidation pursuant to Chapter 7, a Trustee is appointed and he becomes the real party in interest. The Trustee, however, is not as intimately familiar with the claims as a debtor-in-possession, and, as such, proofs of claim must be filed in order to allow the Trustee to properly evaluate the claims.

The legislative history of § 1111 also supports this conclusion. The legislative history states:

> This section dispenses with the need for every creditor and equity security holder to file a proof of claim or interest in a *reorganization case.* (emphasis supplied) [House Report No. 95–595, 95th Cong., 1st Sess. 405 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 117 (1978).]

This makes it clear that the nonfiling of a proof of claim was only intended by Congress to be applicable to reorganizations.

The Bank also contends that since its claim was deemed filed in the reorganization, it is filed for purposes of the Chapter 7 liquidation by virtue of Rule 122(5) of the Rules of Bankruptcy Procedure. This is not the case. Rule 122(5) only carries over claims that are *filed* in a superseded case to a bankruptcy case. Rule 122(5) does not deal with claims that were deemed to be filed. This is to avoid an unnecessary burden of double-filing on the creditor. One filing is sufficient; however, for purposes of a liquidation under Chapter 7, it must be an actual filing.

■ The Bank's late filing should be allowed in this case, however. The Bank may reasonably have believed it was not necessary to file a proof of claim in the liquidation. Its status as a creditor was not disputed throughout the case. The proof of claim was only filed about two weeks past the claims bar date. The debtor and the Trustee would not be prejudiced by allowing the late filing. These facts add up to clearly point out that this Court should exercise its equitable discretion and allow the Bank to file its proof of claim.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the late filing of a claim by the Citizens National Bank of Evansville be, and the same is hereby, allowed.