In re Manuel REBUELTA, Debtor.

The CITIZENS AND SOUTHERN NATIONAL BANK f/k/a the Citizens and Southern Bank of Henry County, Plaintiff,

v.

Manuel REBUELTA and J. Sam Plowden, Trustee, Defendants.

Bankruptcy No. 81–01728A.
Adv. No. 82–2649A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Feb. 10, 1983.

John J. Goger, Rubin, Winter & Goger, P.C., Atlanta, Ga., for plaintiff.

James J. Macie, Atlanta, Ga., for defendants.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

On October 25, 1982, The Citizens and Southern National Bank of Henry County ("C & S") filed its Complaint for Relief from the Automatic Stay and Other Relief. C & S requested relief from the automatic stay, adequate protection, or relief from the codebtor stay to proceed against Mr. Luis Rebuelta concerning C & S' interest in a 1979 Chevrolet pickup truck. The issue in this case arises out of the application of Bankruptcy Rule 13–302(e)(1) to the following facts:

The above-styled Chapter 13 proceeding was filed on April 28, 1981. After notice, a § 341 Meeting of Creditors was held on June 9, 1981. A hearing on confirmation of the debtor's plan was held on July 28, 1981. Thereafter, on August 4, 1981, the debtor's plan was confirmed. C & S filed its proof of claim on October 14, 1982 in the amount of $7,009.80 alleging secured status.

Rule 13–302(e)(1) of the Rules of Bankruptcy Procedure states that:

"A secured claim, whether or not listed in a Chapter XIII statement, must be filed before the conclusion of the first meeting of creditors in the Chapter XIII case unless the court upon application before the expiration of that time and for cause shown, shall grant a reasonable, fixed extension of time. Any claim not properly filed by the creditor within such time shall not be treated as a secured claim for purposes of voting and distribution in the Chapter XIII case. Notwithstanding the foregoing, the court may permit a later filing of a secured claim for the purposes of distribution by the debtor, the trustee, or a codebtor."

The comment to this Rule arising out of the implementation of the 1978 Bankruptcy Code states that:

"This rule is not affected by the Code." While some Courts have held that Rule 13–302(e)(1) is inconsistent with the Bankruptcy Code, this Court rejects that position.

11 U.S.C. § 1325(a)(5) is incorporated into this debtor's plan. The debtor's plan provides that with respect to each allowed secured claim provided for by the plan

"(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim . . ."

The question before the Court is whether the filing of an untimely proof of claim, which results in an otherwise secured creditor being treated as an unsecured creditor for purposes of distribution, also would result in said secured creditor losing the other benefits of secured status, such as the right to adequate protection and the right to bring a complaint for relief from the automatic stay. The case of *In re Hines*, 20 B.R. 44, 9 BCD 106 (Bkrtcy.S.D.Ohio 1982) addresses this question.

In *Hines*, the Bankruptcy Court held that Rule 13–302(e)(1) of the Rules of Bankruptcy Procedure is applicable to cases under the Bankruptcy Code. The Court in *Hines* attempted to distinguish what it termed the procedural and substantive effects of Rule 13–302(e)(1) by stating that one who files a late proof of claim, and is therefore treated as unsecured for purposes of distribution, does not lose the other benefits of secured status.

"The Court is also of the opinion that secured creditors who are treated as unsecured under Bankruptcy Rule 13–302(e)(1) possess the enforceable right to payment in accordance with the plan pro-

visions for unsecured creditors. In addition, if the plan does not provide for payment to the creditor in an amount equal to the creditor's security, then the lien should survive the Chapter 13 discharge and is enforceable as permitted in 11 U.S.C. § 362(c) and (d), and § 1328(c). Furthermore, the right of a secured creditor to seek adequate protection is not defeated by the procedural requirements of the rule." *Id.* 20 B.R. 44, 9 BCD at 108.

■ This Court agrees with the conclusion that the lien of a secured creditor that is being treated as an unsecured creditor does survive the Chapter 13 proceeding. However, the survival of this lien does not require adequate protection of said lien during the Chapter 13 proceeding. Contra *In re Hines, supra.* In the instant case, C & S filed its proof of claim sixteen (16) months after the § 341 Meeting held in this case. To hold that the phrase "for purposes of distribution" contained in Bankruptcy Rule 13–302(e)(1) does not encompass the benefits associated with distribution in a Chapter 13 case, such as rights to adequate protection and relief from the stay, would effectively make Rule 13–302(e)(1) a nullity in those cases where there is depreciating collateral. Furthermore, secured creditors have an obligation to proceed timely to enable a Bankruptcy Court to determine whether a plan is feasible and otherwise comports with the requirements of Chapter 13 in order to be a confirmable plan.

The above result is not unduly harsh. Creditors have notice of the consequences of the failure to file a timely proof of claim concerning their ability to seek adequate protection or relief from the automatic stay. The 14th edition of *Collier* clearly sets forth the fact that the holder of a secured claim who has not filed a timely proof of claim is not eligible to seek relief from the automatic stay. See 15 *Collier on Bankruptcy* ¶¶ 13–401.06, p. 13–401–14; 401.07, p. 13–401–15; and 302.08[1], fn. 9, p. 13–302–16. (14th ed.)

■ The final question the Court must address is contained in Count Three of C &

S' complaint which seeks relief from the automatic stay of the Bankruptcy Code to proceed against Luis Rebuelta, who is jointly and severally liable with the debtor on the subject note and obligation. While a secured creditor who has filed an untimely proof of claim may not seek relief from the automatic stay concerning a debtor before this Court, it is a settled question of law that relief from the codebtor stay is mandated to the extent that a Chapter 13 plan does not propose to pay a claim in full, as in the instant case. *In re Grigsby,* 13 B.R. 409, 4 CBC 2d 1463 (Bkrtcy.S.D.Ohio 1981).

Therefore, for the above-stated reasons, the relief C & S seeks in Counts One and Two of its Complaint for Relief from Stay are denied. The relief which C & S seeks in Count Three of its complaint is granted with C & S receiving relief from the codebtor stay to proceed against Luis Rebuelta to the extent of 90% of the subject debt.

IT IS SO ORDERED.