**In re CROUTHAMEL POTATO CHIP COMPANY, Debtor.**

**Bankruptcy No. 79–01939G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 23, 1984.

Michael H. Reed, Barbara H. Sagar, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for trustee Eugene C. DiCerbo.

William J. Einhorn, Kent Cprek, Sagot & Jennings, Philadelphia, Pa., for claimant Intern. Ass'n of Machinists and Aerospace Workers, Local No. 1092, Dist. No. 152.

Eugene C. DiCerbo, West Chester, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The predominant issue in the controversy at bench is whether we should sustain the trustee's objection to a creditor's proof of claim when that claim was filed more than six months after conversion of the case from chapter 11 to chapter 7. For the reasons stated below we will sustain the objection.

The facts of this case are as follows:[1] The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") on October 16, 1979. Thereafter the case was converted to a chapter 7 proceeding on November 12, 1982. The schedules filed with the petition indicated that an undisputed, uncontingent, liquidated claim was held against the debtor by the International Association of Machinists and Aerospace Workers, Local No. 1092, District No. 152 ("the Union"). After conversion, on March 25, 1983, the clerk's office of this court distributed to creditors a notice which stated in part as follows:

A meeting of creditors pursuant to 11 U.S.C. § 341 was held on March 7, 1983.... In order to share in any distribution, a creditor must file a proof of claim. Claims which are not filed within 6 months[2] of the date of the meeting of creditors will not be allowed, except as otherwise provided by law....

Notwithstanding the notice, the Union did not file its proof of claim (No. 143) until more than a year later, i.e., on June 28, 1984. The claim indicates that it is unsecured.

Bankruptcy Rule 3002(a) expresses in the following language the requirement that an unsecured creditor must generally file a proof of claim:

Rule 3002. Filing Proof of Claim or Interest

(a) NECESSITY FOR FILING. An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 3003, 3004 and 3005.

■ The Union asserts that the reference in Rule 3002(a) to Rule 3003[3] renders its claim allowable without the need for filing a proof of claim. Rule 3003 states

---

1. This opinion constitutes the findings of fact and conclusions of law requested by Bankruptcy Rule 7052 (effective August 1, 1983).

2. The six months filing deadline was provided by former Bankruptcy Rule 302(e). The current Bankruptcy Rules mandate that in a chapter 7 proceeding a proof of claim must be filed within 90 days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. § 341(a).

Pursuant to order of the Supreme Court of April 25, 1983, the current Bankruptcy Rules became effective on August 1, 1983, "to proceedings then pending, except to the extent that in the opinion of the court their application in a pending proceeding would not be feasible or would work injustice, in which event the former procedure applies." Bankruptcy Rules, H.R. Doc. No. 98–52, 98th Cong., 1st Sess. 1 (1983). This case was filed while the former Bankruptcy Rules were effective although the new Bankruptcy Rules became applicable during the pendency of this liquidation. Consequently, we will apply the new rules since the application works no injustice on the parties and produces the same result that would have been obtained under the former rules.

3. Rule 3003. Filing Proof of Claim or Equity

Security Interest in Chapter 9 Municipality or Chapter 11 Reorganization Cases

(a) APPLICABILITY OF RULE. This rule applies in chapter 9 and 11 cases.

(b) SCHEDULE OF LIABILITIES AND LIST OF EQUITY SECURITY HOLDERS.

(1) *Schedule of Liabilities.* The schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be necessary for a creditor or equity security holder to file a proof of claim or interest except as provided in subdivision (c)(2) of this rule.

(2) * * *

(c) FILING PROOF OF CLAIM

(1) * * *

(2) *Who Must File.* Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

*     *     *     *     ·     *     *

Bankruptcy Rule 3003.

that in a chapter 11 case the schedules filed with the debtor's petition are prima facie evidence of the claims of creditors who are listed therein, and consequently proofs of claims are *deemed* filed and a creditor need not file a proof of claim unless his debt is listed as disputed, contingent or unliquidated. Rule 3003(b)(1) and (c)(2). This point of law is similarly expressed in 11 U.S.C. § 1111(a)[4] of the Code. Nevertheless, by its terms Rule 3003 is only applicable in cases under chapter 9 or 11, while § 1111 governs only chapter 11 cases. 11 U.S.C. § 103(f). Thus, the deemed filing of proofs of claims is allowed only in chapter 9 or 11 and ostensibly is not acceptable after conversion of a case from chapter 11 to chapter 7. *In re Humblewit Farms, Inc.*, 23 B.R. 703 (Bankr.S.D.Ill.1982).

The Union vigorously opposes this proposition and relies on Bankruptcy Rule 1019 which states in part as follows:

> Rule 1019. Conversion of Chapter 11 Reorganization Case or Chapter 13 Individual's Debt Adjustment Case to Chapter 7 Liquidation Case
>
> When a chapter 11 or chapter 13 case has been converted to a chapter 7 case:
>
> \* \* \* \* \* \*
>
> (4) *Claims Filed in Superseded Case.* All claims filed in the superseded case shall be deemed filed in the chapter 7 case.
>
> \* \* \* \* \* \*

The Union asserts that the phrase "all claims filed" in Rule 1019(4) means all claims *deemed* filed as well as all claims *actually* filed. We find this construction at odds with the requirement of Rule 3002(a) and the terms of Rule 1019(4) and we hold that Rule 1019(4) only provides that only those claims actually filed in the chapter 11 case will be deemed filed in the chapter 7 proceeding. Consequently, when a chapter 11 proceeding is converted to chapter 7, those unsecured creditors who did not file proofs of claims during the pendency of the chapter 11 proceeding must do so within the time limit established after conversion.

Notwithstanding our determination that the Union's claim was not filed timely, it requests that we grant it an enlargement under Bankruptcy Rule 9006(b)[5] of the time period for timely filing a claim so its claim of June 28, 1984, will be appropriately filed. As indicated by Rule 9006(b)(3), an enlargement of the time period provided by Rule 3002(c) may only be granted according to the terms of Rule 3002(c). Under Rule 3002(c)[6] the court may grant ex-

---

**4.** § 1111. Claims and Interests

(a) A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated. 11 U.S.C. § 1111(a).

**5.** (b) ENLARGEMENT.

(1) IN GENERAL. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) ENLARGEMENT NOT PERMITTED. The court may not enlarge the time for taking action under Rule 1007(d) 1017(b)(3), 1019(2), 2003(a) and (d), 4001(b), 7052, 9015(f), 9023, and 9024.

(3) ENLARGEMENT LIMITED. The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), and 8002 only to the extent and under the conditions stated in those rules. Bankruptcy Rule 9006(b).

**6.** (c) TIME FOR FILING. In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

(1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of a person or becomes allowable as a

tensions of time under six provisions, but the Union falls within none of these categories. Therefore, no enlargement of the time period provided by Rule 3002(c) can be granted. *Accord, In re Pigott,* 684 F.2d 239 (3d Cir.1982) (bankruptcy court had no equitable power to extend bar date for filing claim in situations other than those provided in the rules or statute). Since no enlargement can be granted, the Union's claim is untimely filed and must be disallowed. This result renders unnecessary any discussions of the trustee's other grounds for objection. Accordingly, we will enter an order sustaining the trustee's objection to the Union's claim.

result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that person or denies or avoids the person's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract of the debtor may be filed within the time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

(6) In a chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court may grant an extension of time for the filing of claims against the surplus not filed within the time hereinabove prescribed.

Bankruptcy Rule 3002(c). Former Bankruptcy Rule 302(e) contained identical provisions.