**In re Gratton Emmett HALL aka Red Hall, G.E. Hall and Betty Ruth Hall, Debtors.**

**Bankruptcy No. 82C–03137.**

United States Bankruptcy Court, D. Utah.

May 31, 1985.

**327**

David R. Blaisdell, Salt Lake City, Utah, for Uintah County.

Anna W. Drake, Nielsen & Senior, Salt Lake City, Utah, for herself as trustee.

## MEMORANDUM OPINION

GLEN E. CLARK, Bankruptcy Judge.

### CASE SUMMARY

This matter is before the Court on the motion of Uintah County for enlargement of the time within which to file a proof of claim. The issue is whether, following conversion of a case from Chapter 11 to Chapter 7, the Bankruptcy Court has discretion to reduce the] period for filing proofs of claim to less than 90 days after the date set for the first meeting of creditors. For the reasons set forth below, the Court determines that 90 days is a minimum which the Court cannot reduce.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter in this contested matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered by the United States District Court for the District of Utah on July 10, 1984, pursuant to 28 U.S.C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

## FACTUAL AND PROCEDURAL BACKGROUND

The debtors filed a joint petition under Chapter 11 of the Bankruptcy Code on December 3, 1982. The first meeting of creditors was set for December 29, 1982. June 29, 1983 was fixed as the last day for filing claims. On July 8, 1983, a trustee was appointed. For reasons not in evidence, the Court sent an Order and Notice of Possible Dividend on February 10, 1984, which provided:

> It appearing from the reports of the Trustee appointed herein that a dividend to creditors is possible it is,
>
> ORDERED and notice is hereby given that creditors desiring to participate in a dividend must file a claim with the Court, not later than April 18, 1984.[1]

On November 9, 1984, on the debtors' motion, the Court converted the case to one under Chapter 7 of the Code. The order of conversion designated that Anna W. Drake, who had been the trustee of the Chapter 11 case, should continue as the interim trustee in the Chapter 7 case.

On November 21, 1984, on motion of the trustee, the Court entered an order which reads in its entirety as follows:

> The Court having entered an Order on November 9, 1984, converting the Chapter 11 case of the above-named Debtors to a case under Chapter 7 of the United States Bankruptcy Code, and it appearing to the Court that on February 10, 1984, the Court sent an Order and Notice of Possible Dividend to all creditors, and

---

1. The record does not disclose why notice of a possible dividend was sent. That notice is authorized by Rule 3002(c)(5) and is appropriate only where a notice of insufficient assets to pay a dividend was previously given to creditors under Rule 2002(e). There is no evidence in the record that notice of insufficient assets was ever given.

it further appearing to the Court that a shortened period of time for the filing of claims would be in the best interest of the estate, and good cause appearing therefor, it is hereby

ORDERED that creditors desiring to participate in a dividend must file a claim with the Court no later than 30 days from the date of this Order; and, it is further

ORDERED that creditors who have previously filed a claim in this case need not file.

The Court's notice of the first meeting of creditors in the converted case incorporated the foregoing order and set December 21, 1984 as the last day to file claims. This notice was mailed on November 28, 1984. The meeting of creditors was held on December 17, 1984, just four days prior to the deadline for filing claims.

On December 24, 1984, Uintah County, the movant herein, filed a proof of claim which is designated in the court files as claim number 37. This claim lists a secured priority claim for unpaid property taxes in the amount of $7,435.43. The debtors' schedules list Uintah County's claim as $3,783.16.

On January 15, 1985, Uintah County filed a motion entitled "Motion for Leave to File Proof of Claim Out of Time." The Court heard the motion on March 12, 1985. At the hearing, the parties addressed two issues: (1) whether the Court had discretion, for cause shown, to shorten the time for filing claims in a Chapter 7 case after conversion from Chapter 11; and (2) if the Court did properly shorten the time, whether Uintah County's claim should be allowed because of excusable neglect in not having met the deadline. The Court's decision on the first issue is dispositive of the entire matter; therefore, the Court does not reach the second issue.

## DISCUSSION

The filing of claims is generally governed by the Bankruptcy Rules promulgat-

ed by the Supreme Court pursuant to 28 U.S.C. § 2075. Rule 3002(c) prescribes the time for filing claims:

(c) *Time for Filing.* In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows: [Here follow six exceptions to the general rule, none of which is applicable in this case.]

Reduction of this 90-day period is not permitted. Rule 9006(c)(2) specifically states: "The court may not reduce the time for taking action under Rules ... 3002(c)...."

The trustee argues that the clear language of these rules is obviated by the fact that this case has been converted to a case under Chapter 7. She contends that the 90-day period is not mandatory in converted cases.

Rule 1019 implements Section 348 of the Code which governs the effect of conversion. Rule 1019(2) provides:

(2) *Notice of Order of Conversion.* Within 20 days after entry of the order converting the case to a chapter 7 case, notice of the order shall be given to all creditors in the manner provided by Rule 2002 and shall be included in the notice of the meeting of creditors.

This rule, admittedly, offers little guidance as to when claims should be filed following conversion. It merely mentions that notice of the meeting of creditors is to be included in the notice of conversion. The Advisory Committee Note to this paragraph, however, contains a clear statement on the subject of filing claims. The note begins by explaining that a new meeting of creditors is essential in the converted case in order to provide an opportunity to elect a trustee.[2] The note then states:

The date fixed for the meeting of creditors will control at least the time for

---

2. The portion of the Advisory Committee Note explaining why a new meeting of creditors is necessary provides as follows:

A meeting of creditors may have been held in the superseded case as required by § 341(a) of the Code but that would not dispense with the

filing claims pursuant to Rule 3002(c). *That time will remain applicable in the ensuing chapter 7 case* except as paragraph (3) provides....

(Emphasis added.)

The exception of paragraph (3), referred to in the note, is Rule 1019(3), but this exception applies only in the reconversion of a case to Chapter 7—that is, the conversion of a case from Chapter 7 to another chapter and back again.[3] Clearly, the Advisory Committee contemplated that, where, as here, a case is converted to Chapter 7 for the first time, Rule 3002(c) governs. *See In re Kellogg,* 41 B.R. 836, 12 B.C.D. 333, Bankr.L.Rep. (C.C.H.) ¶ 69,994 (Bkrtcy.W.D.Okla.1984). Thus, in this case, the proper time limit for filing a proof of claim in the converted Chapter 7 case should have been 90 days after the first meeting of creditors following conversion.

The trustee argues that this case is analogous to a reconverted case because creditors have already had two opportunities to file claims, first when the petition was filed under Chapter 11 and second when the Court sent notice of a possible dividend. The trustee does not urge that this case is so similar to a reconverted case that Rule 1019(3) should apply, but she does maintain that, under the circumstances, a shortened filing period is warranted.

■ The trustee's argument is not convincing. The prohibition against any new filing of claims in a reconverted case, as set forth in Rule 1019(3), applies only where creditors have had a full opportunity to file claims in both the Chapter 7 case and the Chapter 11 or Chapter 13 case. Here, creditors have not yet had 90 days within which to file claims in the Chapter 7 case. They have merely had two opportunities to file in the Chapter 11 case.

This distinction is significant because creditors may have different reasons for filing claims in a Chapter 7 case than they do in a Chapter 11 case.[4] Pursuant to Section 1111(a), a proof of claim is deemed filed in a Chapter 11 case if it appears in the debtor's schedule of liabilities as an undisputed, noncontingent, liquidated debt. Under Rule 3003, a Chapter 11 debtor's schedule of liabilities constitutes prima facie evidence of the amount and validity of the claims listed therein. Thus, creditors whose claims are in the schedules are not required to file proofs of claim. In a Chapter 7 case, on the other hand, creditors must file claims in order to participate in a distribution.[5] This is true even if the case has been converted to Chapter 7 from another chapter. *See In re Crouthamel Potato Chip Co.,* 43 B.R. 937, 12 B.C.D. 563,

---

need to hold one in the ensuing liquidation case. Section 701(a) of the Code permits the court to appoint the trustee acting in the chapter 11 or 13 case as interim trustee in the chapter 7 case. Section 702(a) of the Code allows creditors to elect a trustee but only at the meeting of creditors held under § 341. The right to elect a trustee is not lost because the chapter 7 case follows a chapter 11 or 13 case. Thus a meeting of creditors is necessary.

**3.** Rule 1019(3) provides:

(3) *Reconversion to Chapter 7.* When a chapter 7 case had been converted to a chapter 11 or chapter 13 case and thereafter reconverted to a chapter 7 case, if the time for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any debt expired in the original chapter 7 case, the time shall not be revived or extended except as provided in Rule 4004 or 4007.

**4.** The court in *In re Cail,* 41 B.R. 795 (Bkrtcy.N. D.Ill.1984) relied on similar reasoning in hold-

ing that creditors have a fresh opportunity to file dischargeability complaints after conversion to Chapter 7:

Many creditors will not be of a mind to file a dischargeability complaint at the outset of a Chapter 11 reorganization case. It is contemplated that their rights will be determined by a confirmed plan which might provide payment to them in full. In most instances it would be a costly and useless act to file a dischargeability complaint early in a Chapter 11 case. Not so in Chapter 7, where the creditors rights are determined not by a plan of reorganization, but by Sections 727, 523, and 524. Therefore, upon conversion from Chapter 11 to Chapter 7, Rule 4007(c) requires a new notice of time to file a Complaint to Determine Dischargeability, and a renewed opportunity for creditors to so file.

**5.** Courts have held, as an exception to this proposition, that secured creditors are entitled to recover on their security even if they did not file a proof of claim. *See, e.g., Matter of Tarnow,*

11 C.B.C.2d 751 (Bkrtcy.E.D.Pa.1984); *In re Humblewit Farms, Inc.*, 23 B.R. 703, 9 B.C.D. 913, 7 C.B.C.2d 495 (Bkrtcy.S.D.Ill. 1982). Reducing the time for creditors to file claims in the converted case might, therefore, deny them a fair opportunity to receive a dividend.

The Bankruptcy Court for the District of Minnesota has taken a contrary view. It held that the date of the meeting of creditors in the superseded case also governs the deadline for filing claims in the converted case; that is, if the 90 days have expired prior to conversion, creditors have no new opportunity to file claims after conversion. *In re Richards*, 43 B.R. 554, 12 B.C.D. 553 (Bkrtcy.D.Minn.1984).[6]

The court explained that Chapter 11 creditors are protected by Rule 1019(4), which provides that all claims filed in the superseded case are deemed filed in the converted case. Pre-petition creditors who had filed claims in the Chapter 11 case would, therefore, have no need to file again after conversion to Chapter 7. *In re Richards*, *supra*, 43 B.R. at 562. The court suggested that other creditors could file claims by

bringing a motion under Rule 3003(c)(3) at the hearing on the motion to convert. *Id.* at 562, n. 10. That rule allows the court, for cause, to extend the time for filing claims in Chapter 11 and Chapter 9 cases.

Although the court's reasoning in *Richards* has a certain logical appeal, this Court cannot agree with the result. First, *Richards* adopts a rule for filing claims in converted cases that is identical to the rule for *re* converted cases. The court fails to account for the fact that a plain reading of Bankruptcy Rule 1019 and the accompanying Advisory Committee Note demonstrates that there is a difference.

Second, *Richards* would require creditors to anticipate conversion from the outset of a Chapter 11 case. They would always need to file claims to avoid being left out of a distribution if the case were later converted.[7] This is obviously not the result contemplated by Rule 3003, which specifically allows creditors to rely on a Chapter 11 debtor's schedules.

Third, the suggestion that creditors may remedy this problem by bringing a motion to extend the time for filing claims under

749 F.2d 464 (7th Cir.1984); *In re Clawson*, 83C–02021, transcript of oral ruling (Bkrtcy. D. Utah September 25, 1984); *In re Atoka Agricultural Systems, Inc.*, 39 B.R. 474, 10 C.B.C.2d 787 (Bkrtcy.E.D.Va.1984); *Matter of Pierce*, 29 B.R. 612, Bankr.L.Rep. (CCH) ¶ 69,228 (Bkrtcy. E.D.N.C.1983); *In re Brager*, 28 B.R. 966, Bankr. L.Rep. (CCH) ¶ 69,220 (Bkrtcy.E.D.Pa.1983); *In re Spadel*, 28 B.R. 537, 10 B.C.D. 506, Bankr.L. Rep. (CCH) ¶ 69,121 (Bkrtcy.E.D.Pa.1983); *In re Rebuelta*, 27 B.R. 137, 10 B.C.D. 351 (Bkrtcy.N. D.Ga.1983); *In re Hines*, 20 B.R. 44, 9 B.C.D. 106, Bankr.L.Rep. (CCH) ¶ 68,760, 6 C.B.C.2d 689 (Bkrtcy.S.D.Ohio 1982); *In re Weathers*, 15 B.R. 945, 8 B.C.D. 524, 5 C.B.C.2d 935 (Bkrtcy.D. Kan.1981); *In re Honaker*, 4 B.R. 415, 6 B.C.D. 474, 2 C.B.C.2d 208 (Bkrtcy.E.D.Mich.1980); *In re Hotel Associates, Inc.*, 3 B.R. 340, 6 B.C.D. 145, 1 C.B.C.2d 819 (Bkrtcy.E.D.Pa.1980).

**6.** The court developed its rationale for this holding in an earlier opinion in the same case, *In re Richards*, 43 B.R. 549 (Bkrtcy.D.Minn.1984). Both of the *Richards* opinions deal primarily with the time for filing dischargeability complaints after conversion. In the second case, the court also explained the effect of its rationale on the period for filing claims in a converted case. Briefly outlined, the court's reasoning as it applies to filing claims is as follows:

1. Section 348(a) states that conversion does not alter the date of the order for relief.
2. According to Rule 2003, the first meeting of creditors pursuant to Section 341 must be held between 20 and 40 days after the date of the order for relief.
3. The date of the first meeting of creditors, in turn, determines the date by which claims must be filed under Rule 3002(c).
4. Therefore, since conversion does not change the date of the order for relief, it does not change the time for filing claims either. The fallacy of this logic is that it relies on the unarticulated and incorrect assumption that Section 348 contains the exclusive law on conversion. As explained in the body of this opinion, however, Bankruptcy Rule 1019(2) and the accompanying notes clearly state what procedures govern the filing of claims after conversion. Section 348, which does not specifically address the filing of claims, should not be read so narrowly as to invalidate these procedures.

**7.** This is particularly so if the holdings of *In re Crouthamel Potato Chip Co., supra*, 43 B.R. 937 and *In re Humblewit Farms, Inc., supra*, 23 B.R. 703 are correct. Those cases hold that only claims that are actually filed survive conversion; scheduled claims are not automatically deemed filed.

Rule 3003(c) is not a proposition that this Court can accept. Rule 3003, by its own terms, applies only to Chapter 9 and Chapter 11 cases. It would be novel, indeed, to use this rule to extend the time for filing claims in converted Chapter 7 cases, particularly in cases converted from Chapter 13 rather than Chapter 11.

### CONCLUSION

■ The language of the Bankruptcy Rules and the statutory scheme of the Code require that creditors be allowed a second opportunity to file claims after a case has been converted to Chapter 7. The filing of claims in the converted case is controlled by Bankruptcy Rule 3002(c). Therefore, the Court is without discretion to reduce the time for filing proofs of claim to less than 90 days after the first meeting of creditors following conversion. The Court improvidently reduced the filing deadline to a mere four days after the date set for the meeting of creditors. Accordingly, claim number 37 of Uintah County shall be deemed timely filed.