In re Joseph C. HEDRICK, Jr. and Carolyn V. Hedrick, Debtors.

In re Joseph C. HEDRICK, Jr., dba Era Sacramento Realty, Inc., Debtor.

Bankruptcy Nos. 281–04803–W–7, 282–00254–W–7.

United States Bankruptcy Court, E.D. California.

July 7, 1986.

Laurel Bennett Kirby, Turner & Sullivan, Wayne B. Harbarger, III, Sacramento, Cal., for creditors.

Michael McManus, Diepenbrock, Wulff, Plant & Hannegan, Sacramento, Cal., for debtor.

## MEMORANDUM OPINION INCLUDING FINDINGS

ROBERT E. WOODWARD, Chief Judge.

William John Doyle and Margaret Doyle, creditors of the above-named debtors filed a motion to extend time within which to object to the dischargeability of the debtors' obligation to them. The Doyles also filed a motion to dismiss the Chapter 7 case, No. 282–00254. The parties stipulated to the facts, filed memos and the case was submitted to the Court.

The Doyles filed a complaint in the State Court against the debtor, June 21, 1981. Debtors filed a personal Chapter 11, December 30, 1981. The Meeting of Creditors was held February 12, 1982, and the case was converted to Chapter 7, November 15, 1982, with the Chapter 7 meeting of creditors being set for January 6, 1983 and the last day to file complaints being set for February 7, 1983.

The Hedricks also filed a business Chapter 11, January 22, 1982, with the meeting of creditors being set for March 26, 1982. The case was converted to Chapter 7, August 25, 1982, with the Chapter 7 meeting of creditors being set for October 7, 1982, and the last day for filing complaints being set for November 8, 1982.

October 12, 1982, the deposition of debtor Joseph C. Hedrick, Jr., was taken and at which Margaret Doyle and the attorney for the Doyles participated. During the deposition of Joseph Hedrick in answer to questions by the attorney representing the Doyles he stated he had filed bankruptcy proceedings both personally and as a business.

Two major questions are presented to the Court:

1) Is the time within which to file proofs of claim and proceedings concerning objections to the discharge of the debtor and or the discharge of specific obligations where a Chapter 11 case has been filed and later converted to a Chapter 7 calculated solely from the date of the meeting of creditors under the provisions of Chapter 11, or, after conversion is the time calculated from

the date of the 341 meeting of creditors under the provisions of Chapter 7?

There is a divergence of opinion concerning whether or not a new time or additional time for the filing of claims, objections to discharge and dischargeability matters based upon the date of the conversion to Chapter 7 should be set. Rational arguments exist for either having only one time limit or for treating the conversion as tantamount to a separate filing of different chapters of the Code.

It has been the opinion of this court that two entirely different theories are presented in considering the factors involved when contemplating the effects a case promising possible reorganization would have on both the philosophical and factual thought processes of a creditor where there is a hope of recovery. On the other hand, liquidation under the provisions of Chapter 7 of the Code could easily result in a creditor acting or not acting with respect to the filing of a proof of claim and objection to the debtor's discharge and/or the question of the dischargeability of the debtor's obligation to the creditor.

■ After the conversion of a Chapter 11 case to that under the provisions of Chapter 7 this court believes and it has been its practice to have the notice setting the time and place of the Chapter 7 341 meeting include the time within which creditors may file proofs of claims and a time within which creditors may object to the debtor's discharge or to have a question of the dischargeability of a particular obligation determined by the Court. The case of *In re Hall* 51 B.R. 326 (Bkrtcy. Utah 1985) goes into detail why a second opportunity to file claims after a case has been converted to Chapter 7 should be granted. It appears that this opportunity is a fair, equitable and logical reading of the Code and a practical approach.

The Court therefore finds that the Doyles had a reasonable time to protect their interests if the information given by debtor Joseph Hedrick concerning his bankruptcy filings at his deposition can be considered as "notice".

■ 2) Was the information learned at the debtor, Joseph Hedrick's deposition, such actual notice to the Doyles of debtors' bankruptcy proceedings when made in the presence of Mrs. Doyle and the Doyle's attorney sufficient notice that would enable the Doyles to seek information concerning the status of debtors' bankruptcy and to timely protect their interest?

The Court is of the opinion and finds that when the Doyles learned of the debtors' bankruptcy at the deposition there was actual notice. The Doyles should have acted accordingly. The attorney for the Doyles could have asked debtor, Joseph Hedrick or his attorney (who filed debtors' bankruptcy cases) questions concerning the status of the cases or checked debtors' files in the bankruptcy clerk's office.

The deposition took place, October 12, 1982, in the same city in which both the state court action and bankruptcy court proceedings have been filed. Concerning the debtors' business filing, the last day for filing complaints was November 8, 1982, and the last day for filing complaints in the debtors' personal bankruptcy was February 7, 1983. It thus appears and the Court so finds that there was adequate time to participate in the debtors' bankruptcy proceedings.

The Court concludes that the Motion to dismiss debtors' Chapter 7 proceedings should be denied and that the motion to extend the time to file claims and complaint to determine the dischargeability of their obligation should be denied.

This Memorandum Opinion is to serve as the Court's Findings of Fact and Conclusions of Law.