### In re CONDOR CAPITAL CORPORATION, Debtor.

### Bankruptcy No. 85–02178–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Sept. 14, 1987.

Stephen Cook, W. Palm Beach, Fla., for debtor.

Attorney for Trustee Theodore A. Jewell, Palm Beach, Fla., for trustee.

Douglass E. Wendel, Trustee, Palm Beach, Fla.

### ORDER ON CLAIMS DEEMED FILED IN CHAPTER 11

THOMAS C. BRITTON, Chief Judge.

This chapter 11 case was converted to chapter 7 in October 1986. The post-conversion Order provided that:

"February 18, 1987, is fixed as the last date for filing proofs of claims. All claims filed in the Chapter 11 case shall be deemed filed in the Chapter 7 case. There is no requirement that proofs of claims be refiled."

With respect only to claims in chapter 11 cases, the Code provides:

"A proof of claim or interest is *deemed filed* under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated." 11 U.S.C. § 1111(a).

The trustee now inquires whether a claim deemed filed in the superseded chapter 11 case is timely filed in this case,

presently pending under chapter 7. The matter was heard September 8. I conclude that it is timely filed, but the question is not as simple as it might appear.

Bankruptcy Rule 1019 (adopted August 1983), as it stood when the claims bar date was imposed and became effective in this case, provided that:

"(4) All claims filed in the superseded case shall be deemed filed in the chapter 7 case."

This Rule repeated the identical provision in former Rule 122 adopted in 1973. Unfortunately, both Rules preserved the uncertainty resulting from the Code's silence on the point. The Clerk and trustees of this court construed both Rules as requiring the actual filing of a claim in either the superseded chapter 11 or before the bar date in the subsequent chapter 7 case. To my knowledge, the point was never raised in this District until the present motion.

In May 1986, the uncertainty was eliminated by a Third Circuit en banc first impression decision, authored by Chief Judge Aldisert who had chaired the Advisory Committee on Bankruptcy Rules. In a thorough and persuasive opinion, the Court held (in reversing the bankruptcy and district courts) that claims deemed filed in a superseded chapter 11 need not be refiled in the subsequent chapter 7. *In re Crouthamel Potato Chip Co.*, 786 F.2d 141, 145 (3rd Cir.1986). As Judge Aldisert said: "Requiring a second filing serves little purpose" and:

"is more a ritualistic obsequy to semiotic niceties than a sensible acknowledgement of the realities of bankruptcy practice."

Regrettably the recent amendments drafted by the reconstituted Advisory Committee on Bankruptcy Rules, chaired by District Judge Sear, quite literally "changes [the] result" reached by the Third Circuit. Effective August 1, 1987, Rule 1019(4) is amended to provide:

"All claims *actually* filed by a creditor in the superseded case shall be deemed filed in the chapter 7 case."

The Advisory Committee Note makes clear that its sole purpose was to overrule *Crouthamel.*

The Supreme Court Order of March 30, 1987, which transmitted the Rules amendments (pursuant to 28 U.S.C. § 2075) to the Congress (which took no action) provides the only transitional and effective date provisions for the amendments now in effect:

"the foregoing changes in the Bankruptcy Rules shall take effect on August 1, 1987 and shall govern all proceedings in bankruptcy *cases thereafter commenced and, insofar as just and practicable, all proceedings in bankruptcy cases then pending.*" Bankruptcy Reporter Advance Sheet of April 14, 70 B.R. No. 2.

Without question, the amendment of B.R. 1019(4) governs all cases filed after August 1, 1987. However, I find it unjust to make this particular amendment applicable to cases filed before its effective date in view of the holding in *Crouthamel*, which is the only Circuit decision available for the guidance of creditors. Neither the trustee nor other interested parties are precluded from objecting to the claim on grounds other than its timeliness. B.R. 3008.

The Clerk is requested to bring this decision to the attention of the U.S. Trustee and the trustees serving this District.