**In re ALASKA MIDWEST, INC., Debtor.**

**Bankruptcy No. 5–80–00276.**

United States Bankruptcy Court, M.D. Pennsylvania.

Oct. 28, 1988.

Renee L. Ferretti, Klehr, Harrison, Harvey, Branzburg, Ellers & Weir, Allentown, Pa., for United Penn Bank.

## OPINION & ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

This matter is before the Court on a Motion of the United Penn Bank (hereinafter Bank) requesting permission to file a Proof of Claim Nunc Pro Tunc. For the reasons provided herein, we find the Bank's claim was timely filed in debtor's superseded Chapter 11 proceeding and, therefore, it was not necessary for the Bank to file a separate claim after this case was converted to one under Chapter 7. Before proceeding further, we note that this decision is based upon an interpretation of Bankruptcy Rules as they existed prior to the amendments of 1987. Consequently, our analysis is applicable to this case only and should not be considered as a ruling applicable to those cases filed after August 1, 1987.

On or about May 28, 1980, the above referenced debtor filed a voluntary Chapter

11 petition under the United States Bankruptcy Code. At the time of that filing, the Bank was listed on debtor's schedules as an unsecured creditor in the approximate amount of $25,000. Thereafter, on or about August 6, 1980, the case was voluntarily converted to one under Chapter 7. A notice of the conversion was sent to all creditors indicating the last date for filing claims was February 20, 1981. The Bank did not file a proof of claim and on August 11, 1988, filed the instant motion for permission to file a Proof of Claim Nunc Pro Tunc and a Memorandum in Support. We note the Trustee's attorney and other interested parties were given notice of this motion and no objections were filed.

The issue for resolution is whether a claim "deemed filed" in a superseded Chapter 11 case is considered timely filed in the pending Chapter 7 case. There is a dearth of cases dealing with this issue, but this Court finds much guidance in the case of *In re Crouthamel Potato Chip Co.*, 786 F.2d 141 (3rd Cir.1986) and based upon the reasoning and guidance of that case we conclude the Bank was not required to file a proof of claim at the time of the conversion of the case from Chapter 11 to Chapter 7.

The *Crouthamel* court considered this identical issue. The rule called into question in both cases is Bankruptcy Rule 1019 which was adopted in August 1983. This rule is identical to the Interim Rule used between October 1, 1979, the effective date of the Bankruptcy Code, and the effective date of the permanent rules. Rule 1019(4), which was in effect at the time of filing of the Chapter 11 bankruptcy case and its subsequent conversion, reads in pertinent part as follows: "All claims filed in the superseded case shall be deemed filed in the Chapter 7 case."

The *Crouthamel* court concluded that "where a claim included in the debtor's lists and schedules in a Chapter 11 proceeding is not disputed, contingent, or liquidated, and is, therefore, deemed filed, it is not necessary for the claimant to file a separate claim if the proceedings are converted into a Chapter 7 case." *Crouthamel, supra,* at p. 146. The *Crouthamel*

case recognized that other courts had reached opposite results because of different interpretations and applications of Rule 1019. See *In re Humblewit Farms,* 23 B.R. 703 (Bankr.S.D.Ill.1982). The *Humblewit* court concluded that a "deemed filed" claim is a valid claim only for purposes of Chapter 11 not Chapter 7. In fact, many clerks of court and trustees were construing the rules as requiring the actual filing of a claim in a superseded Chapter 11 case before the bar date in the subsequent Chapter 7 case. See *In re Condor Capital Corp.,* 78 B.R. 629 (Bankr.S.D.Fla.1987).

In rejecting the *Humblewit* interpretation and application of Rule 1019, the Third Circuit, through Judge Aldisert wrote:

"We are not in agreement with the trustee's arguments nor with the reasoning in *Humblewit.* The attempt to discern a fundamental difference between the words 'deemed filed' as provided in 11 U.S.C. § 1111(a) and Rule 1019(4) and 'must file' in Rule 3002(a) is more a ritualistic obsequy to semiotic niceties than a sensible acknowledgment of the realities of bankruptcy practice. The district court's interpretation fails to recognize what was intended by the legislative history, the purpose and philosophy of the bankruptcy rules, and what actually takes place in the real world of bankruptcy practice.

Certain things should be obvious to the bankruptcy practitioner. Whether recorded in ipsis verbis in legislative history or Advisory Committee Notes, the purposes of section 1111(a) of the Code and Rule 1019(4) are clear—they were enacted to lessen the fury of the inevitable paper storm that descends upon bankruptcy proceedings. They were designed to eliminate unnecessary practices and procedures where money is tight, time is expensive, proceedings are by necessity protracted, and their goal is to achieve administrative efficiency and, as much as possible, to conserve time and money, administrative expenses and fees.

Thus, where a debtor acknowledges in his lists and schedules accompanying in a Chapter 11 case that a creditor has a legitimate claim, it is both unnecessary to put a creditor to the artifical task of

filing the identical claim, already acknowledged by the debtor, simply because the proceeding has been converted from Chapter 11 to Chapter 7. There is no need, in Judge Henry Friendly's felicitous phrase, 'to kiss the book.' Requiring a second filing serves little purpose. No person interested in the proceeding will be injured or inconvenienced, no guarantee diluted, if the original Chapter 11 claim is recognized in the Chapter 7 proceeding. No business purpose is served, no judicial objective is vindicated, if we recognize a creditor's claim already acknowledged by the debtor as timely filed, thereby permitting the original Chapter 11 claim to stand and avoiding a repetition of a claim filing procedure. To be sure, less administrative expenses and less fees may be generated. But we consider such economy of time, money, and effort as an extremely positive attribute, rather than one that detracts from the administration of a bankrupt's estate."

This court recognizes Rule 1019(4) was changed in order to specifically overrule the holding of the *Crouthamel* case. See Advisory Committee Note to Rule 1019. In all cases filed after August 1, 1987, claims deemed filed but not actually filed in a superseded Chapter 11 case must be filed in a Chapter 7 case upon conversion. See Editor's Comment to Bankruptcy Rule 1019. Like the *In re Condor* court, this court would also find it unjust to make the amendments to the rules which became effective on August 1, 1987 retroactive to the time that the instant bankruptcy was filed and in view of the holding in *Crouthamel* we find the Bank did not need to file a proof of claim upon conversion.

Finally, it is unnecessary to make comment upon whether or not this court has discretion to permit the filing of a untimely claim. We conclude that the Bank's claim was timely filed and that permission to file a nunc pro tunc claim at this point is rendered moot.

IT IS SO ORDERED.