OPINION OF THE COURT
 

 ALDISERT, Chief Judge.
 

 The major question for decision is one of first impression in the United States Courts of Appeals. We must decide whether a claim deemed filed in a Chapter 11 (reorganization) proceeding remains effective when the debtor converts the Chapter 11 case into one under Chapter 7 (liquidation). The issue requires that we construe relevant statutes and the rules of practice and procedure in bankruptcy. The bankruptcy judge, 43 B.R. 937, and, after appeal, the district court, 52 B.R. 960, held that listing the claim on the debtor’s schedule, which was filed under Chapter 11, did not preserve the claim under Chapter 7. We disagree and reverse.
 

 I.
 

 On October 16, 1979, Crouthamel Potato Chip Co. filed a voluntary petition under Chapter 11 of the Bankruptcy Code, seeking to reorganize its business. During the pendency of the reorganization proceedings, the company filed a schedule of its debts. Included in the schedule were various wage claims that were not contingent, were liquidated, and undisputed, and which pertained to Crouthamel’s employees, who were members of Local 1092, International Association of Machinists and Aerospace Workers, AFL-CIO. The union did not actually file separate claims for wages owing, as the schedule filed by the debtor was an accurate statement of the claims and was deemed to represent the employees’ claims under Chapter 11, pursuant to 11 U.S.C. § 1111(a).
 

 On November 29, 1982, the case was converted to a Chapter 7 case. In March 1983, a notice was mailed to the employees establishing a six month bar date for the filing of claims in the Chapter 7 proceeding.
 
 [1]
 
 The union members assumed that because their claims were deemed filed under Chapter 11, those claims carried over
 
 *143
 
 into Chapter 7. After being told that the claims set forth in the schedule were insufficient, the union filed a claim on behalf of its employees on June 22, 1984.
 

 Appellee trustee filed an objection to the allowance of the claim on the ground that the union had not timely filed its claim. The bankruptcy court upheld the objection, and the district court in turn upheld the bankruptcy court’s decision. The union now appeals.
 

 II.
 

 No party disputes that appellant’s claim properly was deemed filed in Chapter 11. The claim appeared on a schedule, and was not listed as disputed, contingent, or unliq-uidated. See 11 U.S.C. § 1111(a).
 

 The litigants differ, however, as to whether a claim “deemed filed” for purposes of Chapter 11 has been “filed” so as to preserve the claim after conversion to a Chapter 7 proceeding. At issue is the interpretation of Rule 1019, which provides in relevant part:
 

 Conversion of Chapter 11 Reorganization Case or Chapter 13 Individual’s Debt Adjustment Case to Chapter 7 Liquidation Case
 

 When a Chapter 11 or Chapter 13 case has been converted or reconverted to a Chapter 7 case:
 

 (1)
 
 Filing of Lists, Inventories, Schedules, Statements.
 
 Lists, inventories, schedules, statements of financial affairs, and statements of executory contracts theretofore filed shall be deemed to be filed in the chapter 7 case, unless the court directs otherwise. If they have not been previously filed, the debtor shall comply with Rule 1007 as if an order for relief had been entered on an involuntary petition on the date of the entry of the order directing that the case continue under chapter 7.
 

 [[Image here]]
 

 (4)
 
 Claims Filed in Superseded Case.
 
 All claims filed in the superseded case shall be deemed filed in the chapter 7 case.
 

 On its face this rule appears to implement the statutory mandate.
 
 [2]
 

 Appellant offers the following reasoning to support the argument that its claim was timely filed: the debtor was required to file a list of creditors, 11 U.S.C. § 521(1); a proof of claim is deemed filed in Chapter 11 if set forth in a § 521(1) schedule,
 
 id.
 
 at § 1111(a); and claims filed in a superseded Chapter 11 case “shall be deemed filed in the Chapter 7 case,” Bankruptcy Rule 1019(4). Here, the debtor listed the claim for wages in its schedule. Accordingly, appellant contends that the claim was timely filed for purposes of Chapter 11 and, after the conversion, in Chapter 7.
 

 Responding to appellant’s arguments, the trustee chooses not to rely on Rule 1019, but instead argues that the Bankruptcy Rules impose upon creditors in a Chapter 7 case an absolute duty to perform the act of filing a claim, irrespective of what occurred during the Chapter 11 proceeding. The trustee cites Rule 3002, which governs Chapter 7 proceedings:
 

 An unsecured creditor or an equity security holder
 
 must file a proof of claim or interest
 
 in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 3003, 3004 and 3005.
 

 
 *144
 
 Rule 3002(a) (emphasis added).
 
 [3]
 
 The trustee argues that Rule 3002(a) controls, rather than Rule 1019, because the case now falls under Chapter 7, not Chapter 11. The trustee contends that because appellant did not make the Chapter 7 filing required by Rule 3002(a) and the “deemed filing” was effective only in the Chapter 11 proceedings,
 
 see
 
 11 U.S.C. § 103(f) (applicability of chapters), appellant has no valid Chapter 7 claim.
 

 Alternatively, the trustee maintains that even if Rule 1019 is applicable, the act of filing a claim under Chapter 7 is still required. The crux of this argument is the trustee’s assertion that we must interpret the word “filed”, as used in Rule 1019, to mean only “actually filed”, but not “deemed filed”, as that term is used in 11 U.S.C. § 1111(a). As support for this interpretation the trustee notes that Rule 1019(1) provides that lists and schedules filed under Chapter 11 may be deemed filed under Chapter 7. Under Chapter 11, however, these lists and schedules must be actually filed; no provision exists for “deeming filed” lists and schedules. The trustee therefore reasons that for the proper meaning to be given to the word “filed” under Rule 1019(4), we are required to refer back to the implied requirement of actual filing in Rule 1019(1).
 

 Moreover, appellee cites legislative history and case law that he believes support his point. The legislative history behind 11 U.S.C. § 1111 states that the “deemed filed” provision applies only to reorganization cases. H.R. No. 595, 95th Cong., 1st Sess. 405 (1977); S.R. No. 989, 95th Cong., 2d Sess. 117 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. From this history, the trustee asks us to conclude that deemed filed claims have no effect outside Chapter 11. Additionally, he argues that the Advisory Committee Note to Rule 1019 states that the “rule is not intended to invalidate
 
 any action
 
 taken in the superseded case_” (emphasis added). Appel-lee reads “action” to refer to the creditor’s act of filing an actual claim, rather than passively permitting the debtor to file a schedule listing the creditor’s claim. Finally, appellee relies on a decision in another bankruptcy court,
 
 In re Humblewit Farms,
 
 23 B.R. 703 (Bankr.S.D.Ill.1982), which concluded that a deemed filed claim is a valid claim only for purposes of Chapter 11, not Chapter 7.
 

 Because these issues implicate the interpretation and application of the Bankruptcy Code and Bankruptcy Rules, our review is plenary.
 
 Universal Minerals, Inc. v. C.A. Hughes & Co.,
 
 669 F.2d 98, 101-02 (3d Cir.1981).
 

 III.
 

 We are not in agreement with the trustee’s arguments nor with the reasoning in Humblewit.
 
 [4]
 
 The attempt to discern a fun
 
 *145
 
 damental difference between the words “deemed filed” as provided in 11 U.S.C. § 1111(a) and Rule 1019(4) and “must file” in Rule 3002(a) is more a ritualistic obsequy to semiotic niceties than a sensible ac-knowledgement of the realities of bankruptcy practice.
 
 [5]
 
 The district court’s interpretation fails to recognize what was intended by the legislative history, the purpose and philosophy of the bankruptcy rules, and what actually takes place in the real world of bankruptcy practice.
 

 Certain things should be obvious to the bankruptcy practitioner. Whether recorded in
 
 ipsis verbis
 
 in legislative history or Advisory Committee Notes, the purposes of section 1111(a) of the Code and Rule 1019(4) are clear — they were enacted to lessen the fury of the inevitable paper storm that descends upon bankruptcy proceedings. They were designed to eliminate unnecessary practices and procedures where money is tight, time is expensive, proceedings are by necessity protracted, and their goal is to achieve administrative efficiency and, as much as possible, to conserve time and money, administrative expenses and fees.
 

 Thus, where a debtor acknowledges in his lists and schedules accompanying a Chapter 11 case that a creditor has a legitimate claim, it is both unnecessary to put a creditor to the artificial task of filing the
 
 identical
 
 claim, already acknowledged by the debtor, simply because the proceeding has been converted from Chapter 11 to Chapter 7. There is no need, in Judge Henry Friendly’s felicitous phrase, “to kiss the book.” Requiring a second filing serves little purpose. No person interested in the proceeding will be injured or inconvenienced, no guarantee diluted, if the original Chapter 11 claim is recognized in the Chapter 7 proceeding. No business purpose is served, no judicial objective is vindicated, if we recognize a creditor’s claim already acknowledged by the debtor as timely filed, thereby permitting the original Chapter 11 claim to stand and avoiding a repetition of a claim filing procedure. To be sure, less administrative expenses and less fees may be generated. But we consider such economy of time, money, and effort as an extremely positive attribute, rather than one that detracts from the administration of a bankrupt’s estate.
 

 IV.
 

 Nor do we believe that the rules, as stated, command a different result. To be sure, some of the uncertainty in this case would have been alleviated had the Advisory Committee on Bankruptcy Rules in its recommendation to Congress included a prefatory clause in Rule 3002(a) reading: “Except as provided in Rule 1019 ...”
 
 [6]
 
 Had such an introductory clause been inserted, this case would not have reached any court. Yet such a clause must be read into the rule. It simply has to be, because of the interrelationship among the rules purposely designed by the Advisory Committee and accepted by Congress. The laconic words of Rule 3002(a) must be read with an eye focused on the polestar of the entire body of bankruptcy rules — the first rule, the statement that must command the interpretation of all rules that follow: “These rules shall be construed to secure the expeditious and economic administration of every case under the Code and the just, speedy, and inexpensive determination
 
 *146
 
 of every proceeding therein.” Bankruptcy Rule 1001.
 

 No rule of bankruptcy practice and procedure is designed to be considered in isolation. Each rule is to be considered in conjunction with every other rule. What the entire body of rules makes available to the practitioner and the bankruptcy judge is a
 
 gestalt
 
 designed to constitute a functional whole. The rules are not a melange of independent parts. The Advisory Committee alluded to this in its preface to the rules: “The proposed rules ... are not divided into chapters related to the different types of debtor relief chapters in the Code. These rules apply in all chapter cases except as a particular rule otherwise provides.” Preface to Rules and Forms, 11 U.S.C. XXI. One of the trustee’s most vigorous arguments, therefore, is explicitly contradicted by the Preface to the Rules. He argues that Rule 1019(4) does not apply to Chapter 7 cases. This is the rule that specifies that claims filed in the superseded case shall be deemed filed in the Chapter 7 case. The Advisory Committee’s preface clearly reveals that the rules apply in all chapter cases “except as a particular rule provides otherwise.” Rule 3002(a), requiring the filing of a claim in a Chapter 7 case, does not “provide[] otherwise.” So construed, there is but one' proper resolution of this case.
 

 V.
 

 We conclude that, as here, where a claim included in the debtor’s lists and schedules in a Chapter 11 proceeding is not disputed, contingent, or unliquidated, and is therefore deemed filed, it is not necessary for the claimant to file a separate claim if the proceedings are converted into a Chapter 7 case. Accordingly, we hold that appellant’s claim for wages was timely filed.
 

 The judgment of the district court will be reversed and the cause remanded to the district court with a direction to enter judgment in favor of appellant in its appeal from the order of the bankruptcy judge.
 
 [7]
 

 [1]
 

 . Rule 3002(c) provides that in a Chapter 7 case, a proof of claim must be filed within ninety days after the first date set for the creditors’ meeting. Pursuant to Rule 3002(c)(6), however, the court may grant an extension of time to file claims if a surplus remains. The notice to creditors indicated that a surplus would remain in the Crouthamel bankruptcy estate. App. at 168.
 

 [2]
 

 . Bankruptcy Rule 122, promulgated in 1973, was the predecessor to Rule 1019. Rule 122 provided, in relevant part:
 

 Rule 122.
 
 Conversion of a Chapter Case to Bankruptcy.
 
 When an order is entered in a Chapter X, XI, XII, or XIII case directing that the case continue as a bankruptcy case, the procedure shall be as follows:
 

 [[Image here]]
 

 (5) All claims filed in the superseded case shall be deemed filed in the bankruptcy case. Additionally, 11 U.S.C. § 521(1) provides that: “The debtor shall — (1) file a list of credi-tors_” Moreover, 11 U.S.C. § 1106(a)(2) requires that: “A trustee shall — (2) if the debtor has not done so, file the list, schedule, and statement required under § 521(1) of this title. ...”
 

 [3]
 

 . Both parties agree that the disputed claim does not fall under any of the exceptions specifically stated in the rule.
 

 [4]
 

 . In
 
 Humblewit,
 
 the bankruptcy court held that a “deemed filed” claim was effective only for purposes of Chapter 11, not Chapter 7. The court reasoned that Congress intended to make a reorganization more convenient for both debtors and creditors. Deeming claims filed was expeditious because the debtor-in-possession was familiar with his creditors and the claims against him. The Chapter 7 trustee, concluded the court, is not as familiar with the situation and therefore proofs of claim must be actually filed so the trustée properly may evaluate the claims.
 

 A significant difference exists, however, between filing and evaluating a claim. Whether a claim is deemed filed or actually filed, the identical information is provided to the person overseeing the proceedings, whether debtor-in-possession or trustee. Thus, the procedure for filing a claim can have no effect on the trustee’s ability to evaluate a claim.
 

 Additionally, the court interpreted Bankruptcy Rule 122(5), the precursor of Rule 1019(4), to permit the deemed filing of claims in a conversion to Chapter 7 only if the claim was
 
 actually
 
 filed in the Chapter 11 case. In a somewhat confusing explanation of its reasoning, the court stated: "Rule 122(5) does not deal with claims that were deemed to be filed. This is to avoid an unnecessary burden of double-filing on the creditor. One filing is sufficient; however, for purposes of a liquidation under Chapter 7, it must be an actual filing." 23 B.R. at 705.
 

 [5]
 

 . Impressive authorities have warned us not to depend too much on the literal interpretation of words in the law. Cardozo wrote, "When things are called by the same name it is easy for the mind to slide into an assumption that the verbal identity is accompanied in all its sequences by identity of meaning.”
 
 Lowden v. Northwestern National Bank & Trust Co.,
 
 298 U.S. 160, 165, 56 S.Ct. 696, 699, 80 L.Ed. 1114 (1936). Likewise, Holmes told us: “A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used.”
 
 Towne v. Eisner,
 
 245 U.S. 418, 425, 38 S.Ct. 158, 159, 62 L.Ed. 372 (1918).
 

 [6]
 

 . The writer of this opinion was Chairman of the Advisory Committee on Bankruptcy Rules. No criticism of the committee’s work should be inferred from this statement. Any ambiguities in the rules must be charged to the Chairman, who assumed ultimate responsibility for the promulgation of the rules.
 

 [7]
 

 . Because of the view we take, it is not necessary for us to meet appellant’s alternative argument that the bankruptcy court had the discretion to permit the filing of untimely claims.
 
 But see In re Pigott,
 
 684 F.2d 239 (3d Cir.1982) (under predecessor bankruptcy statutes, bankruptcy court did not have equitable power to extend filing date).