# In re MURDAUGH VOLKSWAGEN, INC., Debtor.

## Bankruptcy No. 77–48.

United States Bankruptcy Court, D. South Carolina.

Dec. 18, 1987.

Charles S. Altman, Charleston, S.C., for trustee.

Michael A. Stricker, Solomon, Kahn, Smith & Baumil, Charleston, S.C., for Mrs. Murdaugh.

J. BRATTON DAVIS, Chief Judge.

Before the court is the trustee's objection to two proofs of claim filed by Eunice B. Murdaugh (Mrs. Murdaugh) on June 22, 1987. The trustee objects to the claims on the grounds that they were not timely filed and were not sufficiently documented or supported.

## FACTS

1. Murdaugh Volkswagen, Inc., filed its petition for relief under Chapter XI of the Bankruptcy Act of 1898, as amended, on February 17, 1977. On the same day, this court issued an "Order for First Meeting of Creditors Combined with Notice Thereof and of Automatic Stay" in the proceedings for an arrangement under chapter XI for Murdaugh Volkswagen, Inc. The order, just described, contains the following language:

> In order to have his claim allowed so that he may share in any distribution under a confirmed plan, a creditor must file a claim, whether or not he is included in the schedule of creditors filed by the debtor. Claims that are not filed will not be allowed except as otherwise provided by law.

2. Mrs. Murdaugh is the sole stockholder, a director and the president of Murdaugh Volkswagen, Inc. Her name appears on the mailing matrix which was filed with the clerk of court and which accompanied the petition which was filed on February 17, 1977.

3. The petition of Murdaugh Volkswagen, Inc., filed on February 17, 1977, states, *inter alia*, that "attached hereto and marked Exhibit "B" is a list of creditors of the petitioner herein." Exhibit "B", however, is not attached to the petition as

described. One page of the mailing matrix is labeled "(Exhibit B)". The mailing matrix lists an amount beside each name and address and contains the following entry:

Eunice B. Murdaugh

Murdaugh Volkswagen, Inc.

1080 Morrison Drive

Charleston, S.C. $224,000.

4. On April 6, 1977, the Bankruptcy Court issued a notice and order directing the debtor to file its plan of arrangement no later than April 15, 1977, with the notice being mailed to the ten largest creditors.

5. On April 20, 1977, Murdaugh Volkswagen, Inc., moved to transfer its case to one under chapter VII, and to dismiss its chapter XI petition. Granting the motion just described, this court, by order dated April 20, 1977, adjudged Murdaugh Volkswagen, Inc., to be a bankrupt.

6. On April 25, 1977, after conversion of the case to chapter VII, this court issued an "Order for the First Meeting of Creditors and Fixing Times for Filing Objections to Discharge and for Filing Complaint to Determine Dischargeability of Debts, Combined with Notice Thereof and of Automatic Stay." This order fixed November 9, 1977 as the last day for filing claims (October 25, 1977 is six months from April 25, 1977.).

7. On May 31, 1977, Murdaugh Volkswagen filed with the clerk of court "Schedule A. Statement of All Debts of the Bankrupt." This schedule listed two debts owing to Mrs. Murdaugh: one for $68,400. for rent and another in the amount of $224,000. as an unsecured claim. The schedules, signed by Mrs. Murdaugh, did not indicate that either of her claims was contingent, unliquidated, or disputed.

8. In June of 1987, the trustee of Murdaugh Volkswagen, Inc., recovered a judgment of approximately $297,000. representing compensation for antitrust violations committed against and suffered by the debtor prior to the filing of the petition.

9. On June 11, 1987, Mrs. Murdaugh filed an "Application for Leave to File a Formal Proof of Claim" in which she requested leave of court to file two proofs of claim: one proof of claim for $68,400. for rents owed to her by the bankrupt; and another unsecured claim for $224,000. arising from alleged personal loans by Mrs. Murdaugh to the bankrupt between the years 1973 and 1976.

10. The two claims asserted by Mrs. Murdaugh, described above, form the basis of the present controversy. In support of her claim for rent, in the amount of $68,400., Mrs. Murdaugh attached to the claim the following items: (1) six checks drawn on her personal account to Craig Bennett, each in the amount of $350.; (2) one check drawn on a Murdaugh Volkswagen, Inc., account and payable to Transouth Financial in the amount of $891.; (3) a copy of a contract between Mrs. Murdaugh and Craig Bennett dated November 8, 1973, which serves as a lease of the property at 1068 Morrison Drive, Charleston, South Carolina; (4) a copy of a loan settlement statement with Mrs. Murdaugh and Marvin S. Murdaugh, as borrowers, and First Federal Savings and Loan Association as lender; (5) a copy of Mrs. Murdaugh's amended United States individual tax return for 1973; and (6) a statement to the effect that there was an oral lease between Mrs. Murdaugh and the bankrupt.

The following items were attached to Mrs. Murdaugh's unsecured claim for $224,000.: (1) two checks which totaled $1,778.80, payable to Transouth Financial; (2) five receipts from the bankrupt to Mrs. Murdaugh which totaled $16,575.20 (one receipt being described as a loan receipt and another receipt being described as a used car floor plan); (3) a copy of a contract of sale between Mrs. Murdaugh and her husband and Michael J. Knapp; (4) a copy of a note in the amount of $150,000. and dated December 29, 1972 from Mrs. Murdaugh and Marvin S. Murdaugh to First National Bank of South Carolina; (5) a copy of a mortgage from Mrs. Murdaugh in favor of First South Homeowners Co., Inc., for property on Murray Boulevard, Charleston, South Carolina; and (6) a statement that there was an oral loan agreement between Mrs. Murdaugh and the bankrupt.

Also attached to Mrs. Murdaugh's unsecured claim is a document entitled "Volkswagen Dealer Financial Statement" for the 22 month period ending November 19, 1974. The statement indicated a note payable to the owner in the amount of $67,491.54. The statement indicates no other debt to the owner.

11. On June 24, 1987, the trustee filed with the clerk of court an objection to the two claims asserted by Mrs. Murdaugh.

12. Upon notice, this court, on August 18, 1987, held a hearing on the trustee's objections to the claims of Mrs. Murdaugh which are described above in Fact No. 10. At this hearing, Mrs. Murdaugh introduced into evidence copies of checks which she claims evinced her loans to the bankrupt. Covering a period from March 1973 to June 1976, the checks totaled in excess of $400,000. Mrs. Murdaugh testified at the hearing that she had received some repayment of the alleged loans; however, she could not state the amount of repayment she had received.

13. At the hearing, Mrs. Murdaugh testified that the rent claim is based on figures previously paid to her by the corporation, and that the amount claimed is equal to the mortgage payments or rent she had to pay on the property.

## ISSUE

Given the present facts, should the court disallow Mrs. Murdaugh's two proofs of claim?

## DISCUSSION

The court finds, for reasons which will be discussed, that it has no power, legal or equitable, to allow the two proofs of claim in issue.

### I

■ Mrs. Murdaugh argues, *inter alia*, that under chapter XI of the Bankruptcy Act, a claim listed on the schedules as noncontingent, liquidated and undisputed is deemed filed; therefore, she avers there was no need to file a claim after the conversion of the chapter XI case to a chapter VII case. As authority for this contention, Mrs. Murdaugh cites *In re Crouthamel Potato Chip Co.*, 786 F.2d 141 (3rd Cir. 1986). However, the court in *In re Crouthamel Potato Chip Co.*, 786 F.2d 141, at 146 (3rd Cir.1986), concluded:

> [T]hat, as here, where a claim included in the debtor's lists and schedules in a chapter 11 proceeding is not disputed, contingent or unliquidated, and is therefore deemed filed, it is not necessary for the claimant to file a separate claim if the proceedings are converted to a chapter 7 case.

*In re Crouthamel Potato Chip Co., supra,* having been decided under the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), not the Bankruptcy Act of 1898, as amended, is inapposite to the present facts.

We are mindful that:

> case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act [the Bankruptcy Reform Act of 1978] had not been enacted, and the substantive rights of the parties in connection with any such bankruptcy case, matter or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act [the Bankruptcy Reform Act of 1978] had not been enacted.

Title IV of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, § 403(a).

Despite Mrs. Murdaugh's assertion that the judicial reasoning of *In re Crouthamel Potato Chip Co., supra,* should be applicable in the determination of the validity of the two proofs of claim, the statute, above quoted, constrains this court from doing so.

The task is to apply the Bankruptcy Act of 1898, as amended, to the salient facts of this controversy.

### II

Murdaugh Volkswagen, Inc., filed its petition for relief under chapter XI of the Bankruptcy Act of 1898, as amended, on February 17, 1977 (Fact No. 1). With regard to chapter XI arrangements, the

Bankruptcy Act of 1898, as amended, (11 U.S.C. § 755a (1976)), says:

Sec. 355. Creditors, including the United States, any State, and any subdivision thereof, shall file their proofs of claim before confirmation except as follows:

(1) if scheduled by the debtor, a claim may be filed within thirty days after the date of mailing notice of confirmation to creditors but shall not be allowed for an amount in excess of that set forth in the debtor's schedules; and

(2) a claim arising from the rejection of an executory contract of the debtor may be filed within such time as the court may direct.

Bankruptcy Rule 11–33 (1976), applies to the present facts. It states, in pertinent part:

(b) *Filing Proof of Claim*

(2) *Time of Filing.* A claim, including an amendment thereof, must be filed before confirmation of the plan except as follows:

(A) if scheduled by the debtor as undisputed, not contingent, and liquidated as to amount, a claim or an amendment to a claim may be filed within 30 days after the date of mailing notice of confirmation to creditors but in such event shall not be allowed for an amount in excess of that set forth in the schedule; and

(3) a claim arising from the rejection of an executory contract of the debtor, and a post petition claim allowed to be filed under paragraph (3) of this subdivision, may be filed within such time as the court may direct.

(c) Bankruptcy Rule 302(e)(3) applies in chapter XI cases.

The applicable wording of Bankruptcy Rule 302 (1976), is:

(e) *Time for Filing.* A claim must be filed within 6 months after the first date set for the first meeting of creditors, except as follows:

(3) A claim which arises in favor of a person or becomes allowable because of a judgment for the recovery of money or property from such person or because of a judgment denying or avoiding a person's interest in property may be filed within 30 days after such judgment becomes final, but if the judgment imposes a liability which is not satisfied, or a duty which is not performed, within such period or such further time as the court may permit, the claim shall not be allowed.

Mrs. Murdaugh has not complied with any of the statutory requirements enumerated above. As Murdaugh Volkswagen, Inc.'s, chapter XI case was converted to a chapter VII case before the filing of any plan of arrangement, the mandate that a claim be filed before confirmation of the plan becomes meaningless. 11 U.S.C. § 755a (1976), the Bankruptcy Act of 1898, as amended, § 355; Bankruptcy Rule 11–33. Neither of Mrs. Murdaugh's claims is a claim arising from the rejection of an executory contract or a post-petition tax claim, either of which "may be filed within such time as the court may direct." Bankruptcy Rule 11–33(b)(2)(B) (1976).

In June of 1987, the trustee of Murdaugh Volkswagen, Inc., recovered a judgment of approximately $297,000. which represented compensation for antitrust violations committed against and suffered by the debtor prior to the filing of the petition (Fact No. 8). Because the trustee's recovery resulted from a legal action of the bankrupt, the recovery is not "a claim which arises in favor of a person or becomes allowable because of a judgment for the recovery of money or property from such person or because of a judgment denying or avoiding a person's interest in property ...." Thus Bankruptcy Rule 302(e)(3) (1976), does not apply to the present facts.

On April 20, 1977, Murdaugh Volkswagen, Inc. moved to convert its chapter XI case to a case under chapter VII. Granting that motion, this court, by order dated April 20, 1977, adjudged Murdaugh Volkswagen, Inc., to be a bankrupt (Fact No. 5). Bankruptcy Rule 122 (1976), applies to the conversion of a chapter XI case to a chapter VII case, and states, in relevant part:

When an order is entered in a chapter X, XI, XII or XIII case directing that the case continue as a bankruptcy case, the procedure shall be as follows:

(1) In all respects other than as provided in the following paragraphs, the case shall be deemed to have been commenced as of the date of the filing of the first petition initiating a case under the Act and shall be conducted as far as possible as if no petition commencing a chapter case had been filed.

\* \* \* \* \* \*

(5) All claims filed in the superseded case shall be deemed filed in the bankruptcy case.

\* \* \* \* \* \*

(9) If the court grants an extension of time for the filing of claims pursuant to Rule 302(e)(5), the extension shall apply to holders of claims who failed to file within the time prescribed by, or fixed by the court pursuant to, paragraph (8) of this rule, and notice shall be given them in the manner provided in Rule 203(a).

Mrs. Murdaugh never filed a proof of claim in the superseded chapter XI case. Nor did the court grant Mrs. Murdaugh an extension of time for the filing of claims pursuant to Rule 302(e)(5). Therefore, Bankruptcy rule 122(5) and 122(9) (1976), do not offer grounds for the allowance of Mrs. Murdaugh's claims.

Bankruptcy Rule 122(1) (1976), states, in part, that a chapter XI case which is converted to a chapter VII case "shall be deemed to have been commenced as of the date of the filing of the first petition initiating a case under the Act and shall be conducted as far as possible as if no petition commencing a chapter case had been filed." If, under the present facts, no chapter case had been filed, the time for the filing of claims in the chapter VII case of Murdaugh Volkswagen, Inc., would be governed by § 57(n) of the Bankruptcy Act of 1898, as amended (11 U.S.C. § 93(n) (1976)), and by Bankruptcy Rule 302(a), (e).

Section 57(n) of the Bankruptcy Act of 1898, as amended, (11 U.S.C. § 93(n) (1976)), follows:

n. Except as otherwise provided in this Act, all claims provable under this Act, including all claims of the United States and of any State or any subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: *Provided, however,* That the court may, upon application before the expiration of such period and for cause shown, grant a reasonable fixed extension of time for the filing of claims by the United States or any State or any subdivision thereof: *Provided further,* That the right of infants and insane persons without guardians, without notice of the bankruptcy proceedings, may continue six months longer: *And provided further,* That a claim arising in favor of a person by reason of the recovery by the trustee from such person of money or property, or the avoidance by the trustee of a lien held by such person, may be filed within thirty days from the date of such recovery or avoidance, but if the recovery is by way of a proceeding in which a final judgment has been entered against such person, the claim shall not be allowed if the money is not paid or the property is not delivered to the trustee within thirty days from the date of the rendering of such final judgment, or within such further time as the court may allow. When in any case all claims which have been duly allowed have been paid in full, claims not filed within the time hereinabove prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case.

Section 57(n) (11 U.S.C. § 93(n) (1976)), clearly states that "claims not filed within six months after the first date set for the first meeting of creditors shall not be allowed ...." Mrs. Murdaugh did not file her claims within the time limit provided,

and she did not come within any of the enumerated exceptions to the time limitation. The language of § 57(n) (11 U.S.C. § 93(n) (1976)), provides no basis upon which the court may allow Mrs. Murdaugh's claim.

With regard to § 57(n), *Collier* has stated:

> Promptness is an essential feature of any efficient system of bankruptcy administration, whether one considers primarily the interest of the creditors, or of the debtor, or of the community. With a view to securing some degree of that promptness, Congress has fixed the period within which claims must be filed.
>
> Against this legislative background it would appear that there is no room for judicial power either to extend or shorten the statutory [6 month] period unless expressly conferred by the Act or Rules ....

Whether the court may *extend* the statutory period for filing proofs of claims is a slightly more complex question. The inherent equity powers of the bankruptcy court, so frequently referred to, are a tempting instrument to mitigate the harshness involved in any statutory time limitation, but under the Act courts have generally withstood the temptation even in situations in which the equities of the case, if they might have been considered, spoke strongly in favor of equitable relief.

The weight of authority considers the statutory six months' period as mandatory and immutable .... Prior to the 1938 Act, neither lack of notice, an attorney's error, nor a mistaken belief that the claim had been timely filed, were deemed sufficient to override the terms of the Act. But, where circumstances such as misleading statements in the bankrupt's schedules as to the value of the assets, or other fraudulent conduct, prevented filing within time, or where there were sufficient funds available for complete dividend distribution, the courts were divided as to whether an extension of time could be granted through the bankruptcy courts' equitable powers.... The Act of 1938, however, with its manifold amendments to § 57n, added as they were with full knowledge of the existing divergences of judicial views, constitutes a distinct reinforcement of the reasoning in favor of strict and "equity-proof" application of the statutory limitation. In allowing for extension of the time to file governmental tax claims, and in allowing the belated filing of proofs in cases where there is a surplus after all other creditors have been paid in full, the Act unmistakably implies that under no circumstances other than those specifically referred to in the statute may the court admit a claim to untimely proof, but that it is under a duty to disallow it, with no power to substitute equitable considerations for the manifest intent of Congress. And Rule 302(e) has not changed this concept. Its basic language is: "A claim must be filed within 6 months after the first date set for the first meeting of creditors...."

3 *Collier on Bankruptcy*, ¶ 57.27 (14th ed. 1979) (citations omitted); *accord In re Pigott*, 684 F.2d 239 (3rd Cir.1982).

The law is settled. Following the well established precedent, we do not have the legal or equitable power to extend the filing date for Mrs. Murdaugh, even a few days, much less ten years. *In re Pigott*, *supra*.

Furthermore, this court may not construe the listing of Mrs. Murdaugh's claims in the bankrupt's schedules as an initial filing to be later amended by the actual filing in 1987. *In re Pigott*, 684 F.2d 239, 245 (3rd Cir.1982), citing *In re Supernit*, 186 F.2d 130 (3rd Cir.1950).

In short, Mrs. Murdaugh's claims may not be allowed.

## ORDER

Therefore, it is ORDERED, ADJUDGED AND DECREED that Mrs. Murdaugh's two claims, one in the amount of $68,400. and the other in the amount of $224,000. are not allowed.