**Aaron S. WOLFF, Plaintiff–Appellant,**

v.

**FESCO PLASTICS CORPORATION, INC., Defendant–Appellee.**

**LISK ELECTRIC, INC., et al., Plaintiffs–Appellants,**

v.

**FESCO PLASTICS CORPORATION, INC., Defendant–Respondent.**

Nos. 87–2302, 87–2304.

United States District Court, C.D. Illinois.

June 30, 1989.

Aaron S. Wolff, P.C., Chicago, Ill., for plaintiff-appellant.

William A. Brandt, Jr., Development Specialists, Inc., Chicago, Ill., trustee.

David F. Heroy, Thomas Wolford, Barbara Zahs, Gardner, Carton & Douglas, Chicago, Ill., for trustee.

### ORDER

BAKER, Chief Judge.

These consolidated matters are before the court on appeal from the Bankruptcy Division. Jurisdiction over the appeal is given by 28 U.S.C. § 158(a). These appeals present the question of whether a creditor in a bankruptcy proceeding, which has been converted to a Chapter 7 case from a Chapter 11 case, must file a timely claim. The appeals also raise the question of whether the notice requiring claims to be filed, given by the Bankruptcy Court, was an adequate notice.

Fesco Plastics Corporation, Inc., the debtor, filed a petition under Chapter 11 of the Bankruptcy Code on September 5, 1984, seeking a reorganization of its business. On October 6, 1985, the Chapter 11 proceeding was converted by the Bankruptcy Court to a Chapter 7 proceeding and notice of the conversion was sent to all interested parties. In the conversion order, February 6, 1986 was set as the Chapter 7 claim date and all creditors were required to file their claims within that time. The appellants here did not file their claims within the

time set by the conversion order but permitted that time to go by. On March 5, 1987, over a year after the claims had been closed, the appellants filed petitions seeking authority to file their claims *instanter*, or to consider their listing as creditors in the Chapter 11 proceeding as claims in the Chapter 7 proceeding. On April 8, 1987, the Bankruptcy Court disallowed the appellants' claims and denied their petitions for leave to file the claims *instanter* or to consider them filed as they were listed in the Chapter 11 proceeding. It is from that order of April 8, 1987, that these appeals have been prosecuted.

■ The appellants rely in their position on the case of *Crouthamel Potato Chip Co.*, 786 F.2d 141 (3rd Cir.1986). In that case, the Third Circuit squarely held that a Chapter 11 creditor need not refile claims in a converted Chapter 7 proceeding and that any claim listed in the Chapter 11 proceeding which was not disputed, contingent, or unliquidated (which describes the appellants) should be considered filed in the converted Chapter 7 proceeding. In opposition, the trustee argues that *In re: Humblewit Farms*, 23 B.R. 703 (S.D.Ill.1982), correctly states the law with regard to claims in converted Chapter 7 proceedings. *Humblewit*, which was the only case on point at the time the Bankruptcy Judge entered his conversion order, holds the opposite from *Crouthamel*. *Humblewit* says that a creditor must file a proof of claim in the converted proceeding. *Humblewit* advances not only the wording of the Bankruptcy Rules in support of its holding, but also cites the practical differences between a Chapter 11 and a Chapter 7 proceeding. The Chapter 11 proceeding usually has a debtor in possession who will administer the estate if the plan of reorganization is accepted which would include payment of listed claims. Under Chapter 7, on the other hand, there is a trustee in possession who is unfamiliar with the reliability of creditors' claims and those claims must therefore be proved in the course of the administration of the estate.

The court is persuaded that the *Humblewit* decision is better reasoned than the Third Circuit decision and should control the outcome in this appeal. The court is buttressed in that position by amended Bankruptcy Rule 1019(4) which now provides:

> *Claim Filed in Superseded Case.* All claims *actually* filed *by a creditor* in the superseded case shall be deemed filed in the Chapter 7 case.

The Committee Note to amended Rule 1019(4) states in relevant part:

> When Chapter 11 cases are converted to Chapter 7 cases, difficulties in obtaining and verifying the debtors' records are common. It is unfair to the Chapter 7 trustee and creditors to require that they be bound by schedules which may not be subject to verification.

(Emphasis added.)

The amended Bankruptcy Rule appears to have been adopted in response to *Crouthamel* and, with its Committee comments, the Rule negates the rationale advanced in *Crouthamel* for the result reached there.

■ Finally, the court rules that the notice to creditors upon conversion was adequate to alert them to the necessity of filing their claims in the converted proceeding. The statement in the notice,

> 5. February 6, 1986, is fixed as the last day for filing claims in this matter. *CREDITORS WHO HAVE ALREADY FILED A PROOF OF CLAIM NEED NOT FILE ANOTHER CLAIM,*

(R. No. 3), is a plain, understandable statement which would not have misled anyone who read it and paid attention to it.

The court concludes that the appeal is without merit and the order of the Bankruptcy Court on April 8, 1987, disallowing the appellants' claims and denying their petition is affirmed.

The Clerk shall enter judgment accordingly.