**In re YONKERS PROFESSIONAL HOSPITAL, Debtor.**

**Bankruptcy No. 80 B 20054.**

United States Bankruptcy Court, S.D. New York.

March 20, 1990.

As Amended May 11, 1990.

**154**

See also, D.C., 34 B.R. 385.

Miriam M. Teitelbaum, Teitelbaum, Braverman & Borges, Great Neck, N.Y., for trustee, Jeffrey L. Sapir.

Jody Kava, Esq. Office of Jeffrey L. Sapir, Trustee 234 North Central Avenue Hartsdale, New York 10530

Asher Fensterheim, Fink, Weinberger, Fredman, Berman, Lowell & Fensterheim, P.C., White Plains, N.Y., for County Drug.

Eric Nelson, Office of the U.S. Atty., S.D.N.Y., New York City, for the United States.

### DECISION ON APPLICATION FOR DETERMINATION OF CLAIMS IN CHAPTER 7 DISTRIBUTION

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

This is a proceeding brought on by application of the Chapter 7 trustee seeking a determination as to whether those parties whose claims were not listed as disputed, contingent or unliquidated in the schedules filed with the debtor's Chapter 11 petition, but did not file a proof of claim after the case was converted to a Chapter 7, are entitled to participate in the distribution made to general creditors.

### FACTS

The debtor commenced this case by filing a voluntary Chapter 11 petition on February 6, 1980. Subsequently, by order of this court dated May 2, 1980, the case was converted to a case under Chapter 7 of the Bankruptcy Code. An order entitled "Notice for Meeting of Creditors and Fixing Times for Filing Objections to Discharge and for Filing Complaints to Determine Dischargeability of Certain Debts, Combined With Notice Thereof and of Automatic Stay" was issued by this court on May 12, 1980 which provided, in relevant part, as follows:

> In order to have his claim allowed so that he may share in any distribution from the estate, *a creditor must file a claim whether or not he is included in the list of creditors filed by the debtor.* Claims which are not filed within 6 months after the above date set for the meeting of creditors will not be allowed, except as otherwise provided by law. A claim may be filed in the office of the undersigned bankruptcy judge on an official form prescribed for a proof of claim.

This notice was sent to all creditors. Furthermore, an additional "bar order" was sent to claimholders on or about August 5, 1980 setting the bar date for filing proofs of claim. On September 6, 1989, an order was entered which directed the trustee to prepare a final order of distribution of the balance of the estate to priority and general creditors. An analysis of the claims of the estate was completed by the accountants for the trustee, Weber, Lipshie & Co., but this analysis was based only upon the claims of parties who actually filed proofs of claims in the Chapter 7 case. Based

upon this analysis, an order was entered by this court on January 2, 1990 directing that a final distribution be made to priority and general unsecured claim holders. The dividend, which approximated 41.5% of the actual claims, was mailed to those holders of claims who had actually filed proofs of claims, excluding those claim holders who had been listed in the Chapter 11 schedules, but had not filed proofs of claims in the Chapter 7 case. One of the parties who failed to receive a dividend was County Drug, a chairperson of the Creditors' Committee. As a result of the objection by County Drug, the trustee has commenced the instant application seeking a determination by this court as to whether those parties who were listed in the debtor's Chapter 11 schedules, but who did not file proofs of claim in the Chapter 7 case are entitled to a distribution from the estate.

## DISCUSSION

This case involves the interpretation of 11 U.S.C. § 1111(a) and Bankruptcy Rules 122(5), 302 and Interim Bankruptcy Rule 3001.[1] As provided by 11 U.S.C. § 1111(a),

A proof of claim or interest is *deemed filed* under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated. (emphasis added)

Further, Interim Bankruptcy Rule 3001(a), provided that

The list of creditors and equity security holders prepared and filed with the court pursuant to Rule 1007(b) shall constitute prima facie evidence of the validity and amount of claims of creditors which are not listed as disputed, contingent, or unliquidated as to amount, and of interests.

However, Bankruptcy Rule 302(a) stated that

In order for his claim to be allowed, every creditor, including the United States, any state, or any subdivision thereof, *must* file a proof of claim in accordance with this rule, except as provided in Rules 303 and 304. (emphasis added)

Finally, former Bankruptcy Rule 122(5) provided that

All claims filed in the superseded case shall be deemed filed in the bankruptcy case.

The problem which arises in a case commenced under Chapter 11 and subsequently converted to a Chapter 7 is whether a claim which is "deemed filed" for purposes of a Chapter 11 case is effective in the Chapter 7 case or whether, pursuant to Rule 302(a) the claimholder must actually file a proof of claim.[2]

The leading case dealing with this issue is *In re Crouthamel Potato Chip Co.*, 786 F.2d 141 (3d Cir.1986).[3] The court in

---

1. This case was commenced in 1980 and will be decided under the Bankruptcy Code which was enacted by the Bankruptcy Reform Act of 1978, Pub.L.No. 95-598, 92 Stat. 2549 (codified at 11 U.S.C. §§ 101-1330), and became effective on October 1, 1979. The Suggested Interim Bankruptcy Rules, which were drafted and distributed by the Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States for use between October 1, 1979, the effective date of the Code, and the promulgation of the permanent Bankruptcy Rules in 1983, are applicable in this case to fill in gaps in the existing Bankruptcy Rules created by the new Bankruptcy Code. Bankruptcy Rule 122(5) has subsequently been amended and is now codified as Bankruptcy Rule 1019(4). Former Bankruptcy Rule 302 and Interim Bankruptcy Rule 3001 were also amended and are now codified as Bankruptcy Rules 3002 and 3003. Section 1111(a) has not been amended since its original enactment in 1978.

2. This problem only arises in those cases filed prior to the amendment of former Bankruptcy Rule 122(5), which is now Bankruptcy Rule 1019(4).

3. It is interesting to note that Chief Judge Aldisert, author of the *Crouthamel* decision was the Chairman of the Advisory Committee on Bankruptcy Rules and acknowledged in footnote 6 that "[a]ny ambiguities in the rules must be charged to the Chairman, who assumed ultimate responsibility for the promulgation of the rules." The ambiguities which arose as a result of the Bankruptcy Rules in effect at the time of the *Crouthamel* decision were subsequently resolved when Bankruptcy Rule 1019(4) was amended to read "[a]ll claims *actually* filed by a creditor in the superseded case shall be deemed filed in the Chapter 7 case." (Emphasis added)

*Crouthamel,* the only circuit court which has addressed this issue, overturned both the bankruptcy and district courts in its determination that where a claim listed in a debtor's Chapter 11 schedules is not contingent, disputed or unliquidated, and is therefore deemed filed, it is not necessary for the claimant to file a proof of claim when the case is converted to Chapter 7. *Id.* at 146. In arriving at this conclusion, the *Crouthamel* court recognized that the trustee's "... attempt to discern a fundamental difference between the words 'deemed filed' as provided in 11 U.S.C. § 1111(a) and Bankruptcy Rule 1019(4) and 'must file' in Rule 3002(a) is more a ritualistic obsequy to semeiotic niceties than a sensible acknowledgment of the realities of bankruptcy practice." *Id.* at 144–45. The court further noted that

> [W]here a debtor acknowledges in his lists and schedules accompanying a Chapter 11 case that a creditor has a legitimate claim, it is both unnecessary to put a creditor to the artificial task of filing the *identical* claim, already acknowledged by the debtor, simply because the proceeding has been converted from Chapter 11 to Chapter 7.

*Id.* at 145.

Other courts have refused to follow the reasoning of *Crouthamel* and rely instead upon the interpretation of this issue as set forth in *In re Humblewit Farms,* 23 B.R. 703 (S.D.Ill.1982). *See Wolff v. Fesco Plastics Corporation,* 101 B.R. 545 (C.D.Ill. 1989). The *Humblewit* court concluded that a claim which is deemed filed pursuant to 11 U.S.C. § 1111(a) for purposes of a Chapter 11 case is not deemed filed when the case is subsequently converted to one under Chapter 7. In arriving at this conclusion, the court observed the difference between a Chapter 11 case and one under Chapter 7 namely, that a Chapter 11 debtor is more familiar with its creditors and can better evaluate the claims against it while a Chapter 7 case is administered by a trustee who is not as familiar with the estate. *Id.* at 705. The *Humblewit* court pointed to the trustee's lack of familiarity with the estate as the partial rationale behind requiring a proof of claim to be filed in a Chapter 7, but determining a claim is "deemed filed" pursuant to 11 U.S.C. § 1111(a) in a Chapter 11 case. As a result of the familiarity of the Chapter 11 debtor, the *Humblewit* court observed that "when the debtor schedules a creditor and does not list the debt as disputed, contingent or unliquidated, the claim is assumed to be correct and deemed filed." *Id.* at 705.

There has also been some weight given by courts to the fact that Rule 1019(4) was amended in response to the *Crouthamel* decision. *See Wolff v. Fesco Plastics Corporation,* 101 B.R. 545 (C.D.Ill.1989). As amended, Rule 1019(4) now states:

> All claims actually filed by a creditor in the superseded case shall be deemed filed in the chapter 7 case.

The rationale behind this change appears in 1987 Advisory Committee Note which states that the amendment changes the result of the *Crouthamel* decision

> by providing that only claims actually filed in the chapter 11 case are treated as filed in the superseding chapter 7 case. When chapter 11 cases are converted to chapter 7 cases, difficulties in obtaining and verifying the debtors' records are common. It is unfair to the chapter 7 trustee and creditors to require that they be bound by schedules which may not be subject to verification.

As a result of the amendment to Rule 1019(4) and the comments set forth by the Advisory Committee concerning the amendment, the *Wolff* court concluded that the new rule negated the rationale advanced by the *Crouthamel* decision. *Wolff v. Fesco Plastics Corporation,* 101 B.R. at 546.

However, the 1987 Advisory Committee Notes to Rule 1019 also state that the Third Circuit, in *Crouthamel,* "properly construed paragraph (4) as applicable to claims deemed filed in the superseded chapter 11 case." Even this statement has been interpreted by some authorities to apply only in cases where a claim was actually filed in the prior Chapter 11 case. *See* Norton Bankr. Rules Pamphlet 1989–1990 Ed. 77 ("Although the Advisory Committee note to this Rule amendment indicates that

the Third Circuit properly construed paragraph (4) in *In re Crouthamel Potato Chip Co.* ... this is only true concerning claims which were actually filed in the Chapter 11 case ...").

However, it is not necessary for this court to rely upon any of the preceding authority to decide the instant motion because an order of this court was issued on May 12, 1980, ten days following the conversion of the case to Chapter 7, which specifically mandated that "[i]n order to have his claim allowed so that he may share in any distribution from the estate, a creditor must file a claim whether or not he is included in the list of creditors filed by the debtor." This case differs from those which have previously dealt with this issue because, in addition to an order setting forth a bar date, this court issued an order which superseded the prima facie effect of the language found in Interim Bankruptcy Rule 3001(a), Bankruptcy Rule 122(5) and § 1111(a) of the Bankruptcy Code.[4] By specifically ordering the claimholders to file a proof of claim in order to have the claim allowed, the "double deeming" effect of § 1111(a) of the Bankruptcy Code and Bankruptcy Rule 302(a), which when combined provide for a claim to be deemed filed, with the amount listed being prima facie evidence of the amount and validity, was rebutted by this court's order. In essence, the May 12, 1980 court order in this case filled the "gap" created by the Bankruptcy Rules and Bankruptcy Code prior to their amendment. As a result, this court finds that the claims of any claimholders who failed to file a proof of claim in accordance with the May 12, 1980 court order are not allowed and such claimholders are not entitled to any distribution from the estate. The distribution, which has already been made to claimholders who filed proofs of claims in the converted Chapter 7 case, is affirmed.

**4.** The parties have referred to the order of this court dated May 12, 1980 as the bar date order. However, the May 12, 1980 order is not a bar date order, it is an order directing that proofs of claims be filed in order to participate in the

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and parties pursuant to 28 U.S.C. § 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(O).

2. The order of this court dated May 12, 1980 which mandated that a claimholder file a proof of claim within 6 months in order to share in any distribution of the estate rebuts the presumptions found in 11 U.S.C. § 1111(a), Interim Bankruptcy Rule 3001(a) and Bankruptcy Rule 122(5).

3. This court finds that the claims of any claimholders who failed to file a proof of claim in accordance with the May 12, 1980 court order are not allowed and such claimholders are not entitled to any distribution from the estate.

4. The distribution by the trustee made only to creditors who filed proofs of claim in the converted Chapter 7 case is affirmed.

SETTLE ORDER on notice.

distribution of the Chapter 7 estate. A bar date order is primarily used for facilitating proofs of claims for claimholders who have acquired administrative expense claims during the administration of the aborted Chapter 11 estate.