In the Matter of FESCO PLASTICS
CORPORATION, INC.

LISK ELECTRIC, INC., Cal–West Plastics, Inc., Industrial Air Compressors, Inc., and Aaron S. Wolff, Petitioners–Appellants,

v.

William A. BRANDT, Jr., Trustee, Respondent–Appellee.

No. 89–2721.

United States Court of Appeals,
Seventh Circuit.

Argued May 29, 1990.

Decided July 30, 1990.

Aaron S. Wolff, Chicago, Ill., for plaintiffs-appellants.

Barbara A. Zahs, Gardner, Carton & Douglas, David F. Heroy, Thomas C. Wol-

ford, Neal, Gerber, Eisenberg & Lurie, and William A. Brandt, Jr., Chicago, Ill., for debtor-appellee.

Before BAUER, Chief Judge, FLAUM, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

FLAUM, Circuit Judge.

Petitioners–Appellants Lisk Electric, Inc., Cal–West Plastics, Inc., Industrial Air Compressors, Inc., and Aaron S. Wolff ("Appellants") are general creditors of Fesco Plastic Corporation, Inc. ("Fesco"). Fesco filed for Chapter 11 bankruptcy and listed all of the appellants' claims on its schedule of liabilities as being owed and not disputed, contingent, or unliquidated. When the Chapter 11 proceeding was converted to a Chapter 7 action, appellants did not "actually" file their claims within the applicable deadline because they were already "deemed" filed under Chapter 11. After a dispute over payment, appellants filed a petition with the bankruptcy court seeking a ruling that they did not have to actually file claims in the Chapter 7 proceeding. The bankruptcy judge denied their petition and held all Chapter 11 claims were disallowed unless a proof of claim was actually filed before the Chapter 7 claim date expired. 101 B.R. 545. The district court affirmed this ruling. For the following reasons, we reverse the district court's decision.

## I.

In September 1984, Fesco filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. 11 U.S.C. §§ 1101 et seq. Fesco filed a schedule of debts, as required by 11 U.S.C. § 521(1), and listed all the appellants' claims as owed but not disputed, contingent, or unliquidated. The appellants did not file a proof of claim in the Chapter 11 proceeding relying on the bankruptcy court's order that under § 1111(a) of the code "[a]ny scheduled creditor whose claim is not scheduled as disputed, contingent or unliquidated as to amount, may, but need not, file a proof of claim in this case." By choosing to rely on the listing of their debts in Fesco's schedules, appellants were "deemed filed" for Chapter 11 purposes. 11 U.S.C. § 1111(a).

In October 1985, the Chapter 11 proceeding was converted by the bankruptcy court to a Chapter 7 dissolution action for resolution under 11 U.S.C. § 701 et seq. The bankruptcy court's conversion notice set February 6, 1986 as the last day to file claims in the Chapter 7 proceeding and stated that "[c]reditors who have already filed a proof of claim need not file another claim." The appellants did not file proofs of claim before the Chapter 7 filing period expired.

In March 1987, responding to the trustee's dispute over payment of their debts, appellants filed a petition with the United States Bankruptcy Court for the Central District of Illinois for a ruling that a claim need not be filed or, in the alternative, to grant leave to file a claim. The bankruptcy court denied appellants' petition stating that "[a]ll claims listed on the Debtor's Chapter 11 Schedule of Debts ... for which no Proof of Claim was filed on or before February 6, 1986 shall be and hereby are disallowed."

Appellants appealed the bankruptcy judge's final order to the United States District Court for the Central District of Illinois. The district court, persuaded by what it found to be the practical differences between a Chapter 11 and a Chapter 7 proceeding, held that *In re Humblewit Farms*, 23 B.R. 703 (Bkrtcy.S.D.Ill.1982), was dispositive. In that case, the court held that a "deemed filed" claim was effective only for Chapter 11 purposes, not for Chapter 7 proceedings. The *Humblewit* court reasoned that in a Chapter 11 action a debtor in possession, who is familiar with the accounts administers the reorganization, whereas under Chapter 7, an outside trustee "unfamiliar with the reliability of creditors' claims" handles the estate and must, therefore, have those claims proved by proofs of claim.

The district court believed its decision was further buttressed by amended Bankruptcy Rule 1019(4). Rule 1019(4) was

amended in August 1987 and applies only to cases filed after August 1, 1987. Because this bankruptcy proceeding was filed in 1984 the pre-amended rule applies. The district court, however, determined that the amended Rule, which provides that when a Chapter 11 case has been converted to a Chapter 7 case all claims *actually* filed by a creditor in the superceded case shall be deemed filed in the Chapter 7 case, was instructive on the Rule's pre-amendment interpretation. Fed.R.Bankr.P. 1019(4) (Aug. 1, 1987) (emphasis added). The court reasoned that the amendment merely clarified and did not substantially change the bankruptcy rules and, correspondingly, because appellants' claims were not actually filed they must fail. Accordingly, the district court affirmed the bankruptcy court and disallowed the appellants' claims. Appellants appeal to this Court.

## II.

We are asked to determine whether under pre-amended Bankruptcy Rule 1019(4) creditors, whose claims were listed on a Chapter 11 schedule of liabilities as not disputed, contingent, or unliquidated, must actually file a claim in the converted Chapter 7 case. A review of the applicable provisions of the Bankruptcy Code (the "Code") and appropriate Bankruptcy Rules (the "Rules") leads us to conclude that an actual filing of a proof of claim was not necessary.

We begin with the applicable Code provisions. Section 1111(a) of the Code provides that:

A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated.

11 U.S.C. § 1111(a).

It is undisputed that Fesco's schedule of liabilities listed appellants' claims in such a way that they were "deemed filed" under section 1111(a) and, therefore, properly filed for Chapter 11 purposes.

The parties differ, however, as to whether a claim deemed filed for Chapter 11 purposes has also been properly filed for the converted Chapter 7 proceeding. At issue is the interpretation of Rule 1019(4) which provides for such a conversion. The Rule originally stated that "all claims filed in the superceded [Chapter 11] case shall be deemed filed in the Chapter 7 case." The Rule has been subsequently amended to read "all claims *actually* filed in the superceded case shall be...." The district court found this change significant, as do we, but for a different reason.

We believe that the amendment, although only the addition of one word, was adopted to significantly change, rather than clarify, the law. In *In re Crouthamel Potato Chip Co.*, 786 F.2d 141 (3rd Cir.1986), the Third Circuit, after reviewing the legislative history, the purpose and philosophy of the bankruptcy rules, and the realities of bankruptcy practice, decided the very issue we are presented with today. The court held that "where a claim included in the debtor's lists and schedules in a Chapter 11 proceeding is not disputed, contingent, or unliquidated, and is therefore deemed filed, it is not necessary for the claimant to file a separate claim if the proceedings are converted into a Chapter 7 case." *Id.* at 146. The court reached this determination after noting the Rules' interest in administrative efficiency. The court also discounted the rationale of *In re Humblewit*, stating that whether a claim is deemed or actually filed, the trustee would get the same information and thus there was no need for requiring refiling in the Chapter 7 action. We are persuaded by the Third Circuit's analysis and believe that the court correctly interpreted the pre-amended rule.

Our reliance on *In re Crouthamel* is also driven by our reading of the Notes of the Advisory Committee on Bankruptcy Rules (the "Notes"). *See Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444, 66 S.Ct. 242, 245, 90 L.Ed. 185 (1946) (construction given to rules by Advisory Committee is to be considered); *see also In re Grossman*, 80 B.R. 311, 314 n. 9 (Bkrtcy.E.D.Pa.1987) ("Advisory Committee notes to

procedural rules are properly used as aids to interpretation of those rules"). Those Notes assert that the *In re Crouthamel* decision correctly stated the law on Rule 1019(4) prior to amendment. The Advisory Committee Notes to the 1987 Amendments on Rule 1019(4) declare:

> *Paragraph (4)* is amended to deal directly with the status of claims which are properly listed on the schedules filed in a Chapter 11 case and deemed filed pursuant to § 1111(a) of the Code. Section 1111(a) is only applicable to the Chapter 11 case. On conversion of the Chapter 11 case to a Chapter 7 case, paragraph (4) governs the status of claims filed in the Chapter 11 case. *The Third Circuit properly construed paragraph (4) as applicable to claims deemed filed in the superceded Chapter 11 case. In re Crouthamel Potato Chip Co.*, 786 F.2d 141 (3d Cir.1986).

> *The amendment to paragraph (4) changes that result by providing that only claims that are actually filed in the Chapter 11 case are treated as filed in the superceding Chapter 7 case.*

(emphasis added). Clearly, the plain language of the Advisory Committee's Notes acknowledges that *In re Crouthamel* properly construed Rule 1019(4) prior to amendment. The Notes also state that the Committee sought to change that result by amending the Rule to require an actual filing. The bankruptcy and district court's decisions in this case would be correct if the amended Rule 1019(4) were at issue. We are, however, presented with an application of the pre-amended rule. Under that rule, claims deemed filed for Chapter 11 need not be refiled for the converted Chapter 7 case. Accordingly, we find that appellants' claims were properly deemed filed under § 1111(a) and, therefore, under then rule 1019(4) their claims were timely filed for Chapter 7 purposes.

### III.

For the reasons stated above, the order of the district court is REVERSED. The bankruptcy proceedings are to continue with appellants' claims timely filed in the converted Chapter 7 proceeding.